Two motions were made in this cause in the court below: the first by the defendant, to dismiss the bill; the second by the complainants, to expunge an entry made in the original cause; and three points growing out of these motions, are referred to this Court: First, whether it is proper to expunge the entry of dismission, before mentioned. Second, whether parol evidence is admissible to show by whom, and at what time, the order of dismission was given, and at what time entered. And if the complainants should fail in either of those points, whether the motion to dismiss the bill should be sustained. The papers heretofore filed in the office of the clerk of this Court, and the decree of the Court when the cause was transmitted here before, are made parts of this case, so far as to explain the above points.
From these papers it appears that this is a bill of review, brought to review a decree made in a cause between the present complainants and the defendant Zollicoffer and others, defendants, in which suit certain issues formed between the complainant and the present defendant were tried and found for the defendant, to wit, that he was a purchaser for a valuable consideration and without notice, and that he had purchased justifiably. At the same term at which the issues were found it was ordered by the court that the complainants should pay to the defendant Zollicoffer his costs, and that the sheriff should sell sundry negroes in possession of the other defendants and bring the money into court as preparatory to a further and final decree. *Page 38 
On the docket of the same term it appears that the bill was dismissed by the order of the complainants; that a demurrer was filed to this bill, and the cause referred to this Court; that by the order of this Court the decree in the original suit was reversed, and the cause remanded to the court below, to proceed to judgment; that the order of dismission, (47) before mentioned, did not appear in the copy of the original suit appended to the bill of review.
We think it necessary to examine the defendant's motion only. This motion is made to dismiss the bill, on the ground that the original bill was dismissed by the act of the parties, and not by the decree of the court; and had this objection been made at the proper time, and founded in fact, there is no doubt but that it must have been sustained; for a bill of review will not lie where the party himself dismisses his bill, for it would be absurd for him to complain of his own act. Besides, it would not conclude him, and he might begin de novo. But we are now precluded from examining this question, on a mere motion, for the Court, in reversing this decree in the original suit, has passed on this point. It was brought before the Court by the demurrer; for if true, it was a reason why the bill should not be sustained. The Court has said it should be sustained, and reversed the decree. It is immaterial whether the objection was made or not. It was open to be taken, and the decree negatives all bars to it, and should the defendant think himself aggrieved by the interlocutory decree of reversal, he may petition the court to rehear it, but he cannot bring it before the court by motion; nor does it vary the case that the entry of dismission did not appear in the copy appended to the bill of review. It was to review and reverse the decree in the cause remaining on record, or on file, that the bill is brought, and to that it refers, and should there be a variance between the copy and the original, the latter must prevail. The variance, it is true, will incline a court more easily to listen to petition to rehear, but it will not authorize the court to dismiss on motion. But was the defendant in time, we think, in fact, there was a decree, and such a decree as, according to the loose practice of the courts of this State, would have concluded the defendant from bringing another bill for the same cause. It is admitted that were we to test this question by the strict rules relating to entries, which are observed in England, it would not be called a final decree.
(48) But we cannot shut our eyes against our knowledge of the loose manner in which business is transacted in our courts, and of which we, ourselves, are a principal cause. In this case a material fact, as the parties thought, and, indeed, it may be said almost the only one relied on by the defendant's answer, was found for the defendant, and *Page 39 
this under the order and direction of the court; and whatever may be declared to be the correct practice at this day, at that time the court had a principal hand in directing the issues. The jury even went further, and found that he justifiably purchased, thus finding both the law and the fact. The court then ordered that the complainants should pay to Zollicoffer his costs; and in the order relative to the other defendants, preparatory to the trial of the cause, said nothing as to the defendant Zollicoffer. We cannot but view this as a decree in favor of the defendant Zollicoffer, and that the order of dismission, which appears on the docket of the same term, applies to the other defendants only; for as to Zollicoffer it was unnecessary; the cause had been disposed of as to him.
We, therefore, think the motion to dismiss the bill should not be sustained.