The plaintiff Milberry is the daughter and the plaintiffs Thomas and Teakle the grandsons of Priscilla, and claim to have the residue divided into seven equal parts.
On the Spring Circuit of 1821, NASH, J., by an interlocutory decree, directed the residue to be divided according to the prayer of the bill. A bill of review, and a petition for a rehearing were filed, and the cause stood in this Court upon the original bill and the bill of review, both having been transferred to this Court.
This case was twice argued, viz., at December Term, 1824, and at December Term, 1825. *Page 12 
The Court held this case under advisement until this term.
I think, in principle, this question was decided at the last term, Croom v. Herring, 11 N.C. 393, for if "heirs," when applied to personal property, mean those who are called by law to succeed to the dead man, they bring with them their representative and collective character, and however the property may be divided among themselves, as individuals composing a body, yet as to others they are an unit, and make but one person — the representative of their ancestor or propositus; and so, whether they take by descent or purchase, it isdesignatio personae, not personarum. I refer to the reasons and authorities in Stowe v. Ward, 12 N.C. 67, decided at this term, to support this position throughout; in fact, the cases are, to my mind, precisely (11) alike. The only difference is, in that case it is real property; in this, it is personal. In either, however, the word "heir" has the same meaning as to its representative and collective character. I am not aware of any authorities, except those cited and attempted to be disposed of by Whitfield's will in Croom v. Herring, supra. That this construction meets the testator's wishes in this will I have not a doubt. It is plain from the words, he intended a division by stocks or families; and he could not have used a more appropriate word than "heirs of my daughter Priscilla" to call them in as a stock or share. I must again express my regret for the decision in the case of Whitehurst's heirs. It cannot be supported.
The decree in this case must be reversed, and an account taken of the money paid under it, and the property mentioned in the residuary clause of Rowland Williams' will must be divided into five equal parts, one of which is decreed to each of the children of the testator, to wit, Pilgrim, Diana, Charity and Elizabeth, and one-half of the remaining fifth to Micajah Ricks, and the other half of said fifth equally between Thomas Ricks and Teakle Ricks. And for this purpose the master will take an account.
There being in this case both bill of review and a petition to rehear, the bill of review must be dismissed, but without costs — the loose practice in our courts of equity rendering it somewhat difficult to ascertain the propriety of using the one or the other, and these proceedings were commenced before the decision in Jones v. Zollicoffer,4 N.C. 45, where the matter was very fully discussed and settled.
Decree set aside.
Cited: Edney v. Edney, 81 N.C. 3. *Page 13 
(12)