STATE v. TELFAIR.

(Filed March 25, 1902.)

1. HIGHWAYS—*Summons—Notice—The Code, Secs. 217, 597, 2019, 2044.*

A summons to a person liable to road duty need not be in writing.

2. AMENDMENTS—*Warrant—Special Verdict.*

The warrant of a justice of the peace may be amended in the superior court upon the finding of a special verdict.

INDICTMENT against Asbury Telfair, heard by Judge *E. W. Timberlake* and a jury, at October Term, 1901, of the Superior Court of FRANKLIN County. From a verdict of guilty on a special verdict, and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* and *W. H. Yarborough, Jr.,* for the State.

*F. S. Spruill,* for the defendant.

MONTGOMERY, J. Does the statute, The Code, Sec. 2019, require that the summons to a person liable to road duty shall be in writing or printing? is the question before us for

decision.    The language of The Code section is that the over-
seer of the road "shall summon," and that "the notice
*    *    *    shall state the hour and the place," etc.; and the
contention of the defendant's counsel is that the summons
must necessarily be in writing, first, because, as The Code,
Sec. 217, in which is provided the manner of service of the
summons, requires that a copy shall be delivered, a verbal
summons, therefore, is out of the question—it being impossi-
ble that there can be a copy of a verbal summons delivered;
that a copy is a writing or printing from an original; and,
second, because the language of the statute "the notice shall
*    *    *    state," etc., precludes the idea of a statement by
word of mouth of the overseer.

It was also insisted for the defendant that if the summon-
ing by the overseer be treated as a notice, the same must be
in writing under Section 597 of The Code.    We think, how-
ever, that the summons and notice mentioned in Chapter 50
of The Code, on Roads, Ferries and Bridges, are very differ-
ent matters in their nature from the summons in Sections
217 and 597 of The Code.    The last mentioned both concern
judicial proceedings, and are required to be in writing.    The
summons and notice in Chapter 50 are not required to be in
writing in so many words or by fair inference; and by a
reference to Section 2044 of that chapter, it will be seen that
the usual manner of service of summons or notice upon a
road hand is by making personal or word-of-mouth service
upon him.    It is only in cases where the overseer is unable
to personally notify the hands that he is compelled to serve
a *written* summons by leaving the same at the house of the
hand.    Code, Sec. 2044.

His Honor allowed an amendment to the warrant of the
Justice of the Peace upon the finding of a special verdict,
and he was authorized to do so.    *State v. Gillikin,* 114 N. C.,
832.

Affirmed.