### STATE v. DALLAS SUMMERLIN.

(Filed 29 March, 1944.)

**1. Criminal Law § 1a—**

In criminal procedure one may only be punished for that which has already transpired—never for what he may do in the future.

**2. Bastards § 2—**

A man cannot be criminally liable for the willful failure to support an illegitimate child one day old, of whose existence he had, upon the face of the record, no previous knowledge.

APPEAL by defendant from *Ervin, Special Judge,* 29 November, 1943. From CALDWELL.

The defendant was brought into court on the following warrant issued by a justice of the peace:

"FAYE BOLICK, being duly sworn, complains and says, that at and in said County, and Lenoir Township, on or about the 6th day of November, 1942 Dal. Summerlin did unlawfully and willfully beget an illegitimate child upon the body of Faye Bolick. Said child was born August 6, 1943. The said Dal. Summerlin has unlawfully and wilfully refused to provide any medical expense and support and maintenance for said Faye Bolick or her child against the form of the Statute in such cases made and provided, and contrary to law and against the peace and dignity of the State. (Signed) FAYE BOLICK."

Upon this warrant the cause was heard in the Recorder's Court of Caldwell County, and the defendant was found guilty. Judgment was rendered sentencing the defendant to six months in jail and assigning him to work upon the roads, to be suspended on payment of $10 per month to the prosecuting witness and $47.50 to N. D. Bolick for medical bill incident to the birth of the child.

On appeal to the Superior Court, the warrant was amended so as to allege that "the defendant unlawfully and wilfully failed and refused to provide adequate medical treatment and support and maintenance for the illegitimate child, Janette Bolick, herein alleged as begotten by him upon the body of the prosecuting witness, Faye Bolick."

Upon the trial the prosecutrix gave direct testimony of her relations with defendant, of the times and occasions on which sexual intercourse occurred, and testified that defendant was father of the child. She further testified that shortly after the warrant was issued, the defendant came to her home and wanted to know how he could fix it up, and that she told him she had not made up her mind.

Defendant denied that he was the father of the child or that he had ever had sexual intercourse with the prosecutrix. He further denied that he had tried to arrange the matter in any way, testifying that, on the contrary, he had reproved her for accusing him falsely.

On p. 4 of the Record the verdict is recorded as finding the defendant "guilty as charged in the warrant." On p. 5, the verdict is recorded as finding the defendant "guilty of wilfully failing and refusing to support the illegitimate child, Janette Bolick, begotten by him upon the body of the prosecuting witness, Faye Bolick." Owing to the manner in which the record is brought here, it is impossible to distinguish the transcript proper from the case on appeal.

The defendant moved to set aside the verdict for errors committed by the court during the progress of the trial, and the motion was denied. Defendant excepted. Defendant then moved in arrest of judgment. The motion was denied, and the defendant excepted.

Judgment followed that the defendant be imprisoned in the common jail of Caldwell County for the term of six months, to be assigned to work on the public roads, to be suspended on condition that defendant pay costs, pay the medical bill incident to the birth of the child, and provide $10 per month for the prosecuting witness for support and maintenance of the child until further order.

From this judgment defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*W. H. Strickland for defendant, appellant.*

SEAWELL, J.   It is apparent from comparison of the original warrant with its final amended content that the proceeding had so substantially changed character in the Superior Court that the defendant was tried and convicted on the criminal offense of willfully failing and neglecting to support his illegitimate child, who was only one day old when the warrant was issued.   The suggestion that the result of the proceeding might be sustained—only as settling the paternity—is not tenable, since that is not the theory on which the case was tried.   The question of paternity was incidental to the prosecution for the crime of nonsupport, and was considered only in connection with the plea of not guilty.

It is impossible to reconcile the substantially different statements as to what the verdict was, and the Court is left in uncertainty as to what the jury took into consideration in finding the defendant guilty.   It is certain, however, that the proceeding under review gathered up and rolled along without much regard for the statutory definition of the crime denounced—the willful failure of the parent to support an illegitimate child.   There was included in the charge against him—and the only items that could by any stretch of imagination be considered supported by the evidence—the failure to provide for the mother and to pay the expenses incident to the birth of the child.   These are not criminal offenses—although provision for the mother and for such expenses may be required upon conviction.

However, with respect to the conviction for willful nonsupport, there is no evidence that the defendant knew the child was born, or even expected, until, at the instance of the prosecutrix, the hand of the law was laid upon him the day after the child was born.   The record shows that the warrant was issued the day after the child was born.   The prosecutrix had never notified the defendant of her pregnant condition, much less of the fact of birth or its approach.   She testified, and in this is supported by her relatives, that immediately upon finding that a warrant had been issued for him, the defendant came to see her and sought to settle the matter by making such payments as might be agreed upon, and that the prosecutrix did not accept that offer, because she had not made up her mind.   The defendant, it is true, denied that he had offered any money, protesting that the accusation was false; but that is part of the evidence on which the State relies.

We are safe, we think, in holding that a man cannot be criminally liable for the willful failure to support an illegitimate child one day old, of whose existence he had, upon the face of the record, no previous knowledge.   It is true of all criminal procedure that a man may only be punished for that which has already transpired—never for what he may do in the future; and although he may—in a grammatical sense and as expressing his immediate intention—refuse to support a new-born illegiti-

mate child, or make immediate provision for it, he is not punishable for the expression of the intention; but only for the overt conduct into which it has been translated. Upon the same principle, the charge must be supported by the facts as they existed at the time it was formally laid in the court, and cannot be supported by evidence of willful failure supervening between the time the charge was made and the time of trial —at least, when the trial is had, as it was here, upon the original warrant.

On account of the exceedingly confused state of this statute and the practical impossibility of satisfactory construction, the Court has not always agreed as to what may be done under it; but as to what may not be done in this instance, we entertain no doubt.

The motion of the defendant in arrest of judgment should have been allowed. The judgment to the contrary is

Reversed.