STATE v. M. S. HAYDEN.

(Filed 13 December, 1944.)

**1. Bastards § 2—**

Willfulness of the refusal to support one's illegitimate child is an essential ingredient of the offense of failure to support in violation of G. S., 49-2, and must be proven beyond a reasonable doubt; and instructions, which fail to so charge, deprive the defendant of his right to have the jury consider his willfulness as an issuable fact.

**2. Same—**

In order to convict a defendant under G. S., 49-2, the burden is on the State to show not only that he is the father of the child, and that he has refused or neglected to support and maintain it, but further that his refusal or neglect was willful, without just cause, excuse, or justification, after notice and request for support.

STATE *v.* HAYDEN.

**3. Criminal Law §§ 2, 53a—**

Rarely may a peremptory instruction be given to convict the defendant, if the jury finds the facts to be as testified, in cases where the substance of the offense is willfulness or a specific intent 'is an essential element.

APPEAL by defendant from *Phillips, J.,* at June Term, 1944, of GUILFORD. New trial.

The defendant was charged with willful failure to support his illegitimate child, in violation of G. S., 49-2.

The jury answered the issue as to paternity "yes," and found the defendant guilty as charged.

From judgment imposing sentence the.defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Geo. A. Younce for defendant.*

DEVIN, J. The defendant noted exception to the following instruction given by the court to the jury:

"Therefore, if you believe all the evidence and after your having answered the first issue yes, the court charges you it would be your duty, if you believe all the evidence in this case, including that of the defendant, it would be your duty to find him guilty."

In this instruction, given at the close of the court's charge to the jury, there was omission to charge that the finding of guilt must be beyond a reasonable doubt. However, in a preceding portion of the charge the court had instructed the jury to find the defendant guilty if they found all the evidence in the case to be true beyond a reasonable doubt. While the prior use of the phrase "beyond a reasonable doubt" might have obviated the necessity of repeating it in this last statement, we think the exception to the instruction complained of must be sustained on another ground. Willfulness of the refusal to support the illegitimate child is an essential ingredient of the offense charged, and this must be proven beyond a reasonable doubt. The court's instruction deprived the defendant of his right to have the jury consider the question of his willfulness as an issuable fact. *S. v. Ellis,* 210 N. C., 166, 185 S. E., 663; *S. v. Dickens,* 215 N. C., 303, 1 S. E. (2d), 837. He had denied paternity of the child and testified that the last time he had seen the mother was long before her pregnancy or the birth of the child, and that the only notice or request for support of the child was a telephone call from the mother, according to her testimony, on the day the warrant was sworn out. In order to convict the defendant under the statute the burden was on the State to show not only that he was the father of the child, and

that he had refused or neglected to support and maintain it, but further that his refusal or neglect was willful, that is, intentionally done, "without just cause, excuse or justification," after notice and request for support. *S. v. Cook,* 207 N. C., 261, 176 S. E., 757; *S. v. Johnson,* 194 N. C., 378, 139 S. E., 697; *S. v. Whitener,* 93 N. C., 590. Rarely may a peremptory instruction be given to convict the defendant, if the jury finds the facts to be as testified, in cases where the substance of the offense is willfulness or a specific intent is an essential element. *S. v. Riley,* 113 N. C., 648, 18 S. E., 168; *S. v. Ellis, supra.*

For the error pointed out, there must be a

New trial.