## STATE v. CREED STILES.

(Filed 5 November, 1947.)

**1. Bastards § 1—**

In a prosecution under G. S., 49-2, the burden is on the State to show that defendant is the father of the illegitimate child and that defendant has intentionally neglected or refused to support such child.

**2. Bastards § 6—**

Testimony of prosecutrix that defendant is the father of her illegitimate child, together with evidence tending to show that defendant was apprised of her condition and advised of a request to provide for the child, and that defendant thereupon denied paternity and stated he would pay nothing, *is held* sufficient to overrule defendant's motion to nonsuit in a prosecution under G. S., 49-2.

**3. Bastards § 6½—**

In a prosecution under G. S., 49-2, it is reversible error for the court to instruct the jury that defendant is charged with bastardy or being the father of an illegitimate child.

**4. Bastards §§ 1, 6—**

In a prosecution under G. S., 49-2, an instruction to the effect that the willful failure to provide medical expenses for the mother and to pay expenses incident to the birth of the child violates the statute, is error, since willful failure to provide payment for such items is not a criminal offense although the court may require provision therefor upon conviction.

STATE v. STILES.

**5. Bastards § 1—**

> The offense defined by G. S., 49-2, is not bastardy, but the willful neglect or refusal of a parent to support his or her illegitimate child, the mere begetting of the child not being denominated a crime.

APPEAL by defendant from *Alley, J.*, at August Term, 1947, of CHEROKEE.

Criminal prosecution upon an indictment charging that defendant "did unlawfully and willfully fail, neglect, and refuse to support and adequately maintain his illegitimate child heretofore begotten upon the body of" a certain named woman, etc.

The evidence offered by the State in the trial court, in the light most favorable to the State, tends to show: That defendant is the father of the son of prosecutrix born 14 July, 1942; that when prosecutrix became pregnant she told her father and mother that defendant was the father of her child; that she requested her father "to get in touch with" defendant "and make some arrangements for him to help" her "and the child"; that her father went over and told Mr. Payne, with whom defendant "was staying," "what he was into and it would make it a little lighter on him if he would come and do something about it and keep it out of court," and asked Mr. Payne "to see defendant about it," and Mr. Payne did see defendant and told him about it; that defendant said the child was not his, and he would not pay anything; that defendant was not requested to pay any definite amount; that prosecutrix has never talked with defendant since the baby was born, except one time. She says: "He was going up the road and I hollered and asked if he was going to support the child and I asked him what he was going to do and he did not even look toward the house when I tried to talk to him; he just walked away up the road, he and his father, and that is the only time I ever spoke to him"; that father of prosecuting witness took out a warrant for defendant a day or two after she told him; that when defendant knew he was going to be arrested, he left and went to Asheville; that defendant "has never done anything for the child, and has not paid any part of" prosecutrix' "hospital or doctor bill"; that defendant "has never contributed anything to the support of the child."

The State offered the child in evidence as an Exhibit.

Defendant, reserving exception to the denial of his motion for judgment as of nonsuit at close of State's evidence, offered himself as a witness, and testified in substance: That he had never had any sexual relations with the prosecutrix; that she had never said anything to him about his being the father of her baby; that if she ever hollered to him as he was passing the house in the road and said she wanted him to do something for the baby, he "never heard it"; that Mr. Payne told him that prosecutrix was pregnant and was going to swear the child to him

and he "could settle it now," or words to that effect; that he told Mr. Payne that "it was a damned lie and a black one," that he had "never had any sexual intercourse with this girl" and "wouldn't give him a damned penny"; that this was the only time anybody ever said anything to him about the prosecutrix saying that he was the father of her child; that "Mr. Payne didn't mention any amount,"—just said he could settle it; that he has not paid anything for the child's support; that he knew prosecutrix "was laying the baby" on him from the time Mr. Payne told him; and that he has been called out in court, and had been arrested on capias, and had "made two or three bonds in this case."

Defendant renewed motion for judgment as of nonsuit at close of all the evidence. Denied. Exception.

Verdict: Guilty.

Judgment: Imprisonment, and assigned to do labor under the supervision of the State Highway and Public Works Commission,—sentence not to go into effect except upon motion of the Solicitor within given time "upon satisfactory proof that defendant has failed to pay into the office of the Clerk of the Superior Court" certain sums of money at certain times for certain enumerated purposes, including reimbursement for hospital and medical bills at the time of the birth of the child.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*F. O. Christopher and Edwards & Leatherwood for defendant, appellant.*

WINBORNE, J.   The questions of law involved on this appeal, as stated in brief for defendant, are (1) whether there is sufficient evidence to be submitted to the jury, and (2) whether there is error in the court's charge to the jury.

As to the first question, we are of opinion and hold that the evidence is sufficient to take the case to the jury on the charge with which defendant stands indicted. The indictment is under the statute referred to as "An Act Concerning the Support of Children of Parents Not Married to Each Other," G. S., 49-1, which provides that "Any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided," and that "a child within the meaning of this article shall be any person less than fourteen years of age and any person whom either parent might be required under the laws of North Carolina to support and maintain as if such child were the legitimate child of such parent." G. S., 49-2.

Under this statute, this Court has held that in order to convict defendant, the burden is on the State to show not only that he is the father of the child, and that he has refused or neglected to support and maintain it, but further that his refusal or neglect is willful, that is, intentionally done, "without just cause, excuse or justification," after notice and request for support. *S. v. Hayden,* 224 N. C., 779, 32 S. E. (2d), 333, and cases cited.

Applying the provisions of the statute, as interpreted by this Court, the evidence offered on the trial below would seem to be sufficient for the consideration of the jury on the charge preferred against defendant.

However, as to the second question, we are constrained to hold that there is prejudicial error in portions of the instructions given by the presiding judge to the jury,—the charge of the court.

Among exceptions taken to the charge are these portions: (1) "Gentlemen of the jury, the defendant Creed Stiles is indicted under a bill of indictment charging him with bastardy, of being the father of the illegitimate child of . . ., and the willful failure to provide support to care for his child, either before or after it was born." . . . (2) "Now, we have a statute which makes it a crime for a man to have intercourse with a woman and become the father of an illegitimate child, but the Court has said that that in itself does not constitute a crime, but the statute on which the State is relying, there must be shown a willful failure to provide support and pay for the expenses necessarily incurred for the medical attention and hospital attention when the child was born. Now, the word 'willful,' when used in a statute creating an offense, means the act is done purposely and deliberately in violation of the law; it means an act done without any lawful justification, reason or excuse, and the State contends here that the defendant knew he was the father of the child, and that he admits not supporting the child and admits that he has made no contribution to pay the medical expenses in connection with its birth, and has not paid anything in support of the child. That part of the issue is admitted. The primary question is whether the defendant is the father of the child, and whether the defendant had intercourse with the prosecuting witness and as a result of that the child was born, so I will submit two issues." . . . (3) "And I charge you that if you find from the evidence, beyond a reasonable doubt, that on the occasion in question, the defendant had intercourse with the prosecuting witness, and that as a result of that intercourse she gave birth to this little child introduced in evidence, and if you further find from the evidence beyond a reasonable doubt that the defendant willfully failed to provide medical attention and failed to provide any kind of support for this child, either before or after its birth, that would constitute a violation of that statute, and if you so find from the evidence, beyond a reasonable doubt, it would

be your duty to render a verdict of guilty against the defendant as charged in the bill of indictment."

The errors, in the main, permeating these instructions are these: (a) The charge against defendant is not bastardy, or of being the father of an illegitimate child. The only prosecution contemplated under the statute is that grounded on the willful neglect or refusal of any parent to support his or her illegitimate child,—the mere begetting of the child not being denominated a crime. *S. v. Dill,* 224 N. C., 57, 29 S. E. (2d), 145. See also *S. v. Tyson,* 208 N. C., 231, 180 S. E., 85. The question of paternity is incidental to the prosecution for the crime of nonsupport. *S. v. Summerlin,* 224 N. C., 178, 29 S. E. (2d), 462.

(b) The failure to provide for the mother and to pay expenses incident to the birth of the child are not criminal offenses. These are matters the court may provide for and require upon conviction. *S. v. Summerlin, supra.*

As there must be a retrial for errors indicated, other errors assigned may not recur, and hence need not now be considered.

New trial.