## STATE v. Z. T. BOWSER.

(Filed 4 May, 1949.)

**1. Clerks of Court § 7: Criminal Law § 12e—**

Where defendant is over sixteen years of age during the time he is charged with willfully neglecting or refusing to support his illegitimate child, the Superior Court and not the Juvenile Court has jurisdiction, notwithstanding that conception of the child occurred prior to defendant's sixteenth birthday. G.S. 110-21.

**2. Bastards § 1—**

The offense proscribed by G.S. 49-2 is the willful neglect or refusal of the father to support his illegitimate child, the mere begetting of the child not being denominated a crime, and the question of paternity being incidental to the prosecution for nonsupport.

**3. Bastards § 6—**

Evidence in this prosecution of defendant for his willful neglect or refusal to support his illegitimate child *held* sufficient to overrule motions to nonsuit.

**4. Indictment and Warrant § 15—**

The trial court has authority to permit the solicitor to amend a warrant charging defendant with willful failure to support his illegitimate child by inserting the word "maintain" so as to charge his willful failure to support and maintain his illegitimate child.

**5. Criminal Law § 81c (2)—**

　　Where the charge of the court contains no prejudicial error when construed contextually, objection thereto will not be sustained.

APPEAL by defendant from *Carr, J.,* at January Term, 1949, of WASHINGTON.

Criminal prosecution begun in Recorder's Court of Washington County, North Carolina, upon a warrant dated 4 September, 1948, on affidavit of Rulie Lee Brown, sworn to on same date, charging: "That Z. T. Bowser, at and in said county, on the ........ day of September, 1948, with force and arms, unlawfully and wilfully did neglect, fail and refuse to support his illegitimate child, born on or about August 4, 1948, and begotten by him upon the body of the said Rulie Lee Brown, the said Z. T. Bowser being the father of said child, contrary to the statute, etc.," heard and tried in Superior Court of Washington County on appeal thereto from judgment on conviction in said Recorder's Court.

After the jury was impaneled in Superior Court, and before the State offered any evidence, defendant moved that the case be remanded to the Juvenile Court for trial upon the ground that the Superior Court, at term time, was without jurisdiction of the case for that at the time of the conception of the child in question, defendant was under sixteen years of age. In this connection it was agreed by counsel for defendant and the Solicitor for the State that defendant was born on 18 May, 1932; that the child in question was born 4 August, 1948; and that the warrant alleges the willful failure to maintain and support said child in the month of September, 1948.

The court denied the motion, and defendant excepts.

The evidence offered by the State on the trial below, in the light most favorable to the State, is reflected in extracts of the testimony of the witnesses, as follows:

The prosecutrix, Rulie Lee Brown, testified on direct examination: "I am the mother of a child . . . a girl. Z. T. Bowser is the father of my child. He had relations with me twice, once in September 1947, and again in November 1947 . . . My baby was born August 4, 1948. I have never had relations with anyone else but Bowser . . . I found out that I was going to have a baby in December when I went to the doctor. My mother and father found out that I was pregnant. It was in December . . . after I went to the doctor. I told Z. T. Bowser about my being pregnant. I did not tell him right away . . . My father talked to him. I did not talk to him before the baby was born. He would not say anything to me . . ."

Then on cross-examination, she continued: ". . . The first time I told Bowser about it was in February . . . He would not listen to me. I did not tell him anything in February."

STATE *v.* BOWSER.

The State also introduced the child in evidence for the purpose of letting the witness exhibit it to the jury. Exception.

John Brown, the father of prosecutrix, testified on direct examination: ". . . Rulie Lee is my daughter . . . When I found out that she was pregnant I talked with her. She told me that Z. T. Bowser was the father of the child . . . I went to him before the child was born. I went out to the baseball diamond and talked to him. He denied it. I told him she did not hang around anywhere but to his home . . . He said, 'Yes, it is me and what are you going to do about it?' I told him . . . he would see. I did not ask him what he was going to do about it. He said that to me . . . Nothing was said about support of the child further. My daughter and I went to his home. He was sitting on the porch and seemed that he did not want to talk. I went to him before and after the child was born. My girl and I went to Bowser's home together. She told him she wanted him to give her some support to his baby. He looked at her and asked, 'Have I got a baby? Well, I do not know about that.'"

Then, continuing on the cross-examination, this witness testified: "I went to see Bowser three times. The first time was on the baseball ground to tell him what he had done. The second time was to his home with my daughter . . . I saw Bowser at . . . moving picture place—next to where he works. I told him that I wanted some support. He said, 'I will see about it.'"

And the mother of prosecutrix testified: "I am mother of Rulie Lee Brown . . . I found out that she was pregnant. She told me that Z. T. Bowser was the father of her child . . . The child has been supported by John and me since its birth."

On the other hand, defendant, reserving exception to denial of his motions made (1) a second time to remand the case to the Juvenile Court, and (2) for judgment as in case of nonsuit, and testifying in behalf of himself, admitted (1) that John Brown, the father of prosecutrix, came to him at Margolis Store and asked that he "give support to the baby"; (2) that he has contributed nothing to the support of the baby, and does not intend to do so; and (3) that he has refused to contribute anything to the support of the child; but he denies in material aspect all other testimony offered by the State.

Motion of defendant for judgment as of nonsuit, at close of all the evidence, was denied and he excepted.

The court, at the close of the evidence and on motion of Solicitor for the State, permitted the warrant to be amended by inserting the word "maintain" in the charge as set out in the warrant, "to the end that the warrant may track the language of the statute." Defendant excepted.

The case was then submitted to the jury on these issues, which were answered by the jury as indicated:

"1. Is the defendant Z. T. Bowser the father of the child Peggy Anne Brown, begotten upon the body of Rulie Lee Brown? Answer: Yes.

"2. Has the defendant Z. T. Bowser willfully neglected and refused to support and maintain his said illegitimate child, Peggy Anne Brown, begotten upon the body of Rulie Lee Brown? Answer: Yes."

Thereupon the court entered judgment that defendant be confined in jail, etc., suspended on condition that he pay certain sum of money per week for the support of the child, etc. Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*P. H. Bell for defendant, appellant.*

WINBORNE, J. While the assignments of error presented by appellant on this appeal fail to reveal error in the trial below, we treat some of them *seriatim:*

1. There is no error in refusing to remand the case to the Juvenile Court of Washington County.

The statute, pertaining to the establishment of Juvenile Courts, Article 2 of Chapter 110 of General Statutes, provides that "the Superior Courts shall have exclusive original jurisdiction of any case of a child less than sixteen years of age residing in or being at the time within their respective districts: (1) "Who," among other things, "violates any . . . State law . . ." And it is understood, in law, that the term "court" when so used in this statute, refers to the Juvenile Court which is therein created, G.S. 110-22, formerly C.S. 5040, as a separate but not independent part of the Superior Court. See *In re Prevatt,* 223 N.C. 833, 28 S.E. 2d 564, and cases cited.

In the light of this statute, G.S. 110-21, formerly C.S. 5039, as applied to the facts of the present case, it is seen that at the time the offense with which defendant is charged was committed, as well as on the date warrant was issued against him, he was more than sixteen years of age. Defendant is indicted under G.S. 49-2, which provides that "any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties" as are provided in the statute referred to as "An Act Concerning the Support of Children of Parents Not Married to Each Other." The only prosecution contemplated under this statute is that grounded on the willful neglect or refusal of any parent to support and maintain his or her illegitimate child,—the mere begetting of the child not being

denominated a crime. *S. v. Stiles,* 228 N.C. 137, 44 S.E. 2d 728, and cases cited. The question of paternity is incidental to the prosecution for the crime of nonsupport. *S. v. Summerlin,* 224 N.C. 178, 29 S.E. 2d 462; *S. v. Stiles, supra.* Defendant, having been born on 18 May, 1932, as stipulated, became sixteen years of age on 18 May, 1948, and the warrant was issued 4 September, 1948.

2. As to the assignments of error based upon exceptions to denial of motions, aptly made, for judgment as of nonsuit, the evidence offered against defendant is sufficient to take the case to the jury (1) on questions of paternity of the child, and of admission of paternity by defendant, which are incidental to the prosecution for the crime of nonsupport, *S. v. Summerlin, supra; S. v. Stiles, supra;* and (2) on question of willful neglect and refusal by defendant to support and maintain his illegitimate child. G.S. 49-2.

3. The ruling of the court in permitting the amendment to the warrant, to which exception is also taken, is in keeping with rules of practice in the courts of the State. See *S. v. Brown,* 225 N.C. 22, 33 S.E. 2d 121, where the authorities are cited.

4. As to the charge: While portions of the charge as shown in the record to which exceptions are taken, may be in some respects inaccurate, it appears reasonably clear that when read contextually the jury could not have been confused or misled, and, hence, prejudicial error is not made to appear.

5. Other exceptions have been considered and found without merit.

In the judgment below, there is

No error.