### STATE v. SAM STONE.

(Filed 14 December, 1949.)

**1. Criminal Law § 54a—**

Ordinarily in a criminal action only the general issue of the guilt or innocence of defendant, to be orally answered, should be submitted to the jury, and the submission of several written issues is not usually advisable.

**2. Same: Parent and Child § 16: Husband and Wife § 24—**

Where, in a prosecution for willfully neglecting to provide adequate support for wife and children, G.S. 14-325, defendant sets up the defense of the adultery of the wife and non-paternity of the youngest child, the submission of written issues by the court as to the paternity of the child, the adultery of the wife, and the guilt or innocence of defendant of offense charged, will not be held for error on defendant's appeal, the jury being instructed that the burden is on the State to prove defendant's guilt beyond a reasonable doubt as to each of the essential elements of the offense.

**3. Indictment and Warrant § 15—**

The court has discretionary power to permit the striking of certain words from the warrant and the substitution of other words of the same import in lieu thereof in order to make the warrant conform to the language of the statute.

**4. Criminal Law § 56—**

Where the warrant is sufficient to charge a criminal offense, motion in arrest of judgment for its insufficiency to charge a separate offense contained therein is properly denied.

**5. Parent and Child § 12—**

A warrant charging defendant with willfully neglecting to provide adequate support for his wife and two children is sufficient to express the charge against defendant and to apprise him of its nature, and defendant's motion in arrest of judgment on the ground that it omitted to charge that he had begotten the children, is properly denied, the question of paternity having been raised and submitted to the jury upon the conflicting evidence.

APPEAL by defendant from *Gwyn, J.,* at March Term, 1949, of GUILFORD. No error.

The defendant was convicted of willfully neglecting to provide adequate support for his wife and his two children, in violation of G.S. 14-325. From judgment predicated on the verdict of the jury, the defendant appeals, assigning errors in the trial.

*Attorney-General McMullan, Assistant Attorney-General Moody, and John R. Jordan, Jr., Member of Staff, for the State.*
*Wm. Reid Dalton for defendant.*

DEVIN, J. The evidence offered by the State was sufficient to support the verdict and judgment. It appeared that defendant's wife, a victim of polio and compelled to use crutches, was at the times alleged in the warrant living in the home of her mother who was employed in a local cotton mill. With them lived the two children of defendant and his wife, one aged 10, named Bobbie, and the other aged 2 years, named Jimmie. There was evidence that defendant while living part of the time with his wife willfully neglected to provide support for her and their children though he was able to work; that his earnings during this time amounted to $30 per month and board for farm work, and at other times to $25 per week when employed by the operator of a dairy.

The defendant's principal defense was that his wife had committed adultery, and that he was not the father of the child Jimmie who was born 1 October, 1946. It appeared from the State's evidence that in July, 1945, defendant had been committed to the State Hospital at Morganton; that he had escaped after a few weeks, was immediately recommitted, and again escaped and never returned to the hospital. Later, certificate was issued by the hospital that he was deemed of sound mind. Defendant testified his second enlargement from the hospital did not occur until July, 1946, but the State's evidence tended to fix the time of his second escape as in the fall of 1945, and there was evidence to show that he thereafter remained a portion of the time in Rockingham County at the home of his mother, and part of the time in Guilford County with his wife. During this time he made no adequate contribution to the support of his wife or either of the children, and before the warrant was issued in January, 1949, had ceased altogether to live with them.

In view of the defendant's affirmative defense that his wife had committed adultery, and that he was not the father of the youngest child, the trial judge submitted written issues to the jury as to the paternity of the child, the adultery of the wife, and as to whether or not the defendant had willfully neglected to provide adequate support for wife and child or children. To these issues the jury responded that defendant was the father of the child Jimmie, that his wife had not committed adultery, and to the issue of nonsupport of wife and child or children the jury answered

in both instances "Yes—Guilty." It .appears from the record that the jury was instructed that the burden of proof was on the State to satisfy the jury from the evidence beyond a reasonable doubt of the guilt of the defendant as charged in the warrant, as well as in respect of each of the elements necessary to constitute the offense.

The defendant excepted to the submission of written issues to the jury and assigns error in the action of the court in so doing. In criminal actions, except in cases of special verdicts, or upon questions involving the sanity of the defendant, or where the question of paternity is involved in prosecutions under G.S. 49-2, or sometimes where specific questions of value are raised, the uniform practice is to submit to the jury only the general issue whether the defendant is guilty or not of the offense charged, to be orally answered, under appropriate instructions from the court, and the submission of several written issues is a practice "not to be advised in criminal cases," as was said in *S. v. Belk,* 76 N.C. 10. However, in this case we are unable to perceive how the defendant was prejudiced by the action of the court in submitting the issues complained of. The purpose of the trial judge was to aid the jury and to direct their attention specifically to the defenses set up by the defendant. There was no lessening of the *quantum* of proof required before he could be convicted, and the jury wrote their response "guilty" under the determinative issues submitted to them. *S. v. Bowser,* 230 N.C. 330, 53 S.E. 2d 282; *S. v. McCarty,* 210 Iowa 173; *S. v. Wells,* 162 S.C. 509 (531), 161 S.E. 177; 13 N. C. Law Review 321-323.

The defendant complains that during the trial the court on motion of the solicitor struck out of the warrant the words "while living with them," (that is wife and two children), and a few minutes later in his discretion allowed the solicitor to amend by re-inserting therein "while living with his wife," to conform to the language of the statute (G.S. 14-325). The record shows: "Motion to re-insert came at the same time with the motion to strike and was allowed during the same discussion." The striking and re-insertion of substantially the same words, done at practically one time, was within the discretion of the trial judge, and no harm therefrom resulted to the defendant. *S. v. Bowser, supra; S. v. Brown,* 225 N.C. 22, 33 S.E. 2d 121. The defendant's assignment of error on this ground cannot be sustained.

Defendant moves in arrest of judgment for insufficiency of the warrant, for that the warrant charged willful failure to provide adequate support for "his wife and two children" . . . "while living with his wife," but omitted the words of the statute, in referring to the children, "which he has begotten upon her." As the warrant properly charged non-support of the wife, it was sufficient to sustain the verdict and judgment on that count, and to withstand motion in arrest of judgment. *S. v. Wein-*

*stein,* 224 N.C. 645, 31 S.E. 2d 920. However, we think the language in the warrant in this case, while not using the words set out in the statute, was sufficient to express the charge against the defendant and to apprise him of its nature. *S. v. Howley,* 220 N.C. 113 (117), 16 S.E. 2d 705. At any rate, the defendant based his defense largely on the effort to show that one of the children had not been begotten by him. The conflicting testimony on this point was resolved by the jury, under appropriate instruction from the court, in favor of the State and the veracity of the wife. The motion in arrest of judgment was properly denied.

We have examined the other exceptions noted by the defendant and brought forward in his assignments of error but find none of sufficient moment to warrant disturbing the verdict and judgment.

No error.