STATE v. JOHN HENRY THOMPSON.

(Filed 21 March, 1951.)

**1. Indictment and Warrant § 15—**

While the trial court has broad power to allow amendments to warrants, both as to form and substance, nevertheless amendments must relate to the charge and the facts supporting it as they exist at the time it was formally laid, and may not be allowed to change the nature of the offense intended to be charged in the original warrant. G.S. 7-149 (12).

**2. Same: Bastards § 4—**

An indictment charging defendant with being the father of prosecutrix' unborn illegitimate child may not be amended so as to charge, after the birth of the child, defendant's willful failure and refusal to support the child.

**3. Bastards § 1—**

The offense of nonsupport of an illegitimate child is the willful and intentional failure to support the child without justification after notice and request, and since the begetting of an illegitimate child is not denominated a crime, paternity being merely incidental to the issue of nonsupport, a man cannot be held criminally liable for the willful failure to support an unborn illegitimate child.

APPEAL by defendant from *Carr, J.,* October Term, 1950, of CHATHAM.

The defendant was tried and found guilty in the General County Criminal Court of Chatham, 10 July, 1950, on the following warrant, issued on 3 January, 1950, by a justice of the peace:

"Mary Bivens, being duly sworn, complains and says that at and in the said County Of Chatham, Bear Creek Township, on or about the 3 day of December, 1950 (1949), John Henry Thompson did unlawfully, wilfully and feloniously be the father of her unborn illegitimate child and does refuse to furnish adequate support, contrary to the form of the statute and against the peace and dignity of the State."

Judgment was rendered sentencing the defendant to six months in jail, assigning him to work upon the roads, to be suspended on payment of $15.00 for the support of the child and a like sum on the first day of each month thereafter until further orders of the court.

On appeal to the Superior Court, upon motion of the Solicitor for the State, the warrant was amended so as to allege "that on or about the 24th day of May, 1950, the child referred to in this warrant, to wit, Wilmia Jean Bivens, was born, and that subsequent to her birth, and between that time and the time this action was tried in the Recorder's Court of Chatham County, to wit, on the 10th day of July, 1950, the defendant did wilfully and unlawfully fail and refuse to support and maintain said child, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." The defendant excepted to the allowance of this amendment.

Upon the trial, the prosecutrix testified that she had had sexual intercourse with the defendant on many occasions, and that he was the father of her child; that she had some conversation with him about the support of the child before the warrant was issued; that he paid the hospital bill a few days after the child was born, and told her he was going to support it until it was of age, although she had not said anything to him about support for the child and did not do so until 25 August, 1950. She further testified that after her conversation with the defendant in the hospital after her child was born, she never had another conversation with him until 25 August, 1950.

From an adverse verdict and the judgment entered pursuant thereto, the defendant excepted and appealed to this Court, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of Staff, for the State.*

*Barber & Thompson for defendant.*

DENNY, J. When the appeal was called for hearing in this Court, counsel for defendant moved that the judgment entered below be arrested, for that the warrant was issued on 3 January, 1950, prior to the birth of the illegitimate child on 24 May, 1950, and the amendment permitted in the court below resulted in the trial and conviction of the defendant upon an offense entirely different from that charged (if an offense was charged) in the original warrant.

It is well settled by this Court that the power of the Superior Court to allow amendments to warrants is very comprehensive. *S. v. Stone,* 231 N.C. 324, 56 S.E. 2d 675; *S. v. Carpenter,* 231 N.C. 229, 56 S.E. 2d 713; *S. v. Bowser,* 230 N.C. 330, 53 S.E. 2d 282; *S. v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449; *S. v. Brown,* 225 N.C. 22, 33 S.E. 2d 121; *S. v. Holt,* 195 N.C. 240, 135 S.E. 324; *S. v. Mills,* 181 N.C. 530, 106 S.E. 677. A warrant, however, cannot be amended so as to charge a different offense. *S. v. Clegg,* 214 N.C. 675, 200 S.E. 371; *S. v. Goff,* 205 N.C. 545, 172 S.E. 407. But ordinarily, under our statute, G.S. 7-149, Rule 12, the

trial judge may allow, in his discretion, an amendment to a warrant both as to form and substance before or after verdict, provided the amended warrant does not change the nature of the offense intended to be charged in the original warrant. *S. v. Mills, supra; S. v. Poythress,* 174 N.C. 809, 93 S.E. 919; *S. v. Telfair,* 130 N.C. 645, 40 S.E. 976.

Notwithstanding these broad powers with respect to amendments, a warrant as well as the amendments thereto must relate to the charge and the facts supporting it as they existed at the time it was formally laid in the court. *S. v. Summerlin,* 224 N.C. 178, 29 S.E. 2d 462.

Therefore, a conviction upon an amended warrant, unsupported by the facts as they existed at the time the warrant was issued, will not be upheld. Neither will a conviction for the willful failure to support an illegitimate child be upheld on such warrant, where the State, in order to sustain the conviction, must rely altogether on evidence of willful failure to support the child subsequent to the time the charge was laid in court. *S. v. Summerlin, supra.*

The mere begetting of an illegitimate child is not denominated a crime. *S. v. Stiles,* 228 N.C. 137, 44 S.E. 2d 728; *S. v. Dill,* 224 N.C. 57, 29 S.E. 2d 145. Likewise, the failure of a father to pay the expenses of the mother incident to the birth of his illegitimate child, is not a criminal offense. But upon conviction the court may require the payment of such expenses. And the issue or question of paternity is incidental to the prosecution for the crime of nonsupport. *S. v. Bowser, supra; S. v. Stiles, supra; S. v. Summerlin, supra.*

In order to convict a defendant for the nonsupport of an illegitimate child, the burden is on the State to show beyond a reasonable doubt, that he is the father of the child and that he had refused or neglected to support and maintain it, and that such refusal or neglect was willful, that is, intentionally done, "without just cause or justification," after notice and request for support. *S. v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333; *S. v. Ellison,* 230 N.C. 59, 52 S.E. 2d 9; *S. v. Stiles, supra.*

The motion in arrest of judgment will be allowed for the reason that a man cannot be held criminally liable for the willful failure to support an unborn illegitimate child. Moreover, a warrant may not be amended so as to charge the defendant with an offense which was committed, if committed at all, after the warrant was issued.

The defendant's objection to the allowance of the amendment to the warrant should have been sustained. Consequently, it is unnecessary to discuss the assignments of error appearing in the case on appeal.

Judgment arrested.