## STATE v. WILLIE CHAMBERS.

(Filed 14 October, 1953.)

**1. Bastards § 1—**

The offense proscribed by G.S. 49-2 is the willful neglect or refusal of a parent to support his illegitimate child, the mere begetting of the child not being the offense and the question of paternity being incidental to the prosecution.

**2. Same—**

The willful failure and refusal to support an illegitimate child is a continuing offense.

**3. Bastards § 6—**

In a prosecution under G.S. 49-2, the burden is upon the State to show not only that defendant is the father of the child and that he has neglected or refused to support and maintain it after notice and request for such support, but further that such neglect or refusal is intentional, without just cause, excuse or justification, and such facts must be established as of the time the warrant or indictment was drawn.

**4. Same—**

In a prosecution under G.S. 49-2, testimony of prosecutrix that she wrote defendant after the baby was born demanding support for the child is sufficient upon that question without the introduction of the letter in evidence, since the testimony is sufficient to support the inference that the letter was written before the bill of indictment was laid.

**5. Bastards § 5: Criminal Law § 42c—**

Trial of defendant for willful failure or refusal to support his illegitimate child was continued in order that blood tests might be made. The blood test was not made. *Held:* It was competent upon the trial for the solicitor to ask defendant upon cross-examination if the reason the blood test was not made was because defendant knew the baby was his, the matter being within the bounds of a fair cross-examination. The legal principles relating to the purpose and value of a blood test are not relevant upon objection to the cross-examination.

**6. Criminal Law § 81c (2)—**

Where the charge of the court is without prejudicial error when construed as a whole, exceptions thereto cannot be sustained.

APPEAL by defendant from *Moore, J.,* at August Term, 1953, of WILKES.

Criminal prosecution upon a bill of indictment charging, in brief, that on 27 January, 1953, Willie Chambers, the defendant, did unlawfully and willfully refuse and neglect to support and maintain his bastard child begotten upon the body of Agnes Bishop.

A true bill of indictment was found by the grand jury at the March Term, 1953, of Wilkes County Superior Court, but the case was not tried until the August Term, 1953, which convened 10 August, 1953.

Defendant pleaded not guilty.

And, on the trial in Superior Court, the State offered Agnes Bishop, the prosecutrix, as a witness. She testified in pertinent part, as follows: ". . . I had known him (the defendant) for about three or four months before March 1952 . . . I went out with him. Yes, he did have intercourse with me. The first time . . . was about the last of March, 1952 . . . I was not going with anybody else at that time. During the time I was going with him, he had intercourse with me not over ten times . . . I did not at any time have intercourse with anybody other than this defendant during that time. About two weeks after I thought I was pregnant, I learned that I was . . . I gave birth to a child on January 27, 1953."

Then the witness was asked this question to which she answered as shown: "Q. Who is the father of your child?" Objection. Exception 4. "A. Willie Chambers."

And the witness continued: "The defendant told me after I became pregnant that he knew it was his, but that he wasn't going to support it. He said he would pay the doctor bills if I would leave it for adoption, but he wouldn't if I wouldn't do that . . . One night he said if he knew it would make me lose it, he would knock me through the ground . . . No, sir, he has paid nothing for the support of the child since it was born . . ."

Then, under cross-examination by Mr. Trivette, the witness testified: ". . . that she became pregnant as result of intercourse with defendant . . . April 28. Yes, I wrote that." Here the court interposed the question, "Have you ever asked him to support this child?", to which she answered, "Yes. I wrote him a letter and asked him to support it." Then continuing under cross-examination, the witness further testified: "I wrote him two letters . . . I mailed them. I wrote him this one after the baby was born, and those two before she was born . . ."

And, on re-direct examination, over objection and exception by defendant, the witness was asked this question: "Was either of the letters Mr. Trivette showed to you the letter you wrote and asked him to support the child?", to which she answered, "Yes, sir."

Then after offering testimony of the father of the prosecuting witness the State introduced the baby in evidence, and rested its case.

Thereupon, defendant, reserving exception to the denial of his motion for nonsuit or directed verdict, offered testimony tending to controvert that offered by the State. And, under cross-examination by the Solicitor, defendant testified that at the last term of court he made a motion for a blood test in this case; that the case was continued; and that he "never

had the blood test." Then defendant was asked this question, "And the reason you didn't have the blood test, Willie, was because you knew this baby was your baby?" (Objection and exception.) He answered, "No, sir." Then, continuing, ". . . I went with this girl from somewhere along in there in March 1952 up until June or July. During that time I was having intercourse with her whenever I wanted to . . . I have never paid anything . . . She said she was going to have a baby . . . When she told me I was the daddy of the baby, I denied it; I still do . . ." Then defendant was asked this question: "There is no question but that you got a letter from her, is there, in which she demanded that you support her and the baby?", to which he answered, "Sure. She wrote in a letter that I was the father of her child. And notwithstanding she made a request on me for support for her and the child, I still refused and failed to support it."

Defendant offered the testimony of other witnesses tending to contradict the prosecuting witness and to controvert the evidence offered by the State.

At the close of all the evidence defendant renewed his motion for judgment as of nonsuit. The motion was denied and he excepted.

Verdict: Guilty. Defendant moved in arrest of judgment. Motion is denied, and defendant excepted.

Judgment: Confinement in common jail of Wilkes County for a term of six months and assigned to work on the roads under the supervision of State Highway and Public Works Commission.

Defendant excepts thereto, and appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Whicker & Whicker and Trivette, Holshouser & Mitchell for defendant, appellant.*

WINBORNE, J. On this appeal three questions for decision are presented as to (1) denial of motions for judgment as of nonsuit, (2) alleged improper cross-examination, and (3) alleged error in the charge. However, prejudicial error is not shown.

(1) As to denial of motions, aptly made, for judgment as of nonsuit: G.S. 49-2 declares that "Any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor . . ."

The only prosecution contemplated under this statute is grounded on the willful neglect or refusal of a parent to support his or her illegitimate child,—the mere begetting of the child not being denominated a crime.

*S. v. Dill,* 224 N.C. 57, 29 S.E. 2d 145 ; *S. v. Stiles,* 228 N.C. 137, 44 S.E. 2d 728; *S. v. Bowser,* 230 N.C. 330, 53 S.E. 2d 282; *S. v. Thompson,* 233 N.C. 345, 64 S.E. 2d 157; *S. v. Robinson,* 236 N.C. 408, 72 S.E. 2d 857.

The question of paternity is incidental to the prosecution for the crime of nonsupport. *S. v. Summerlin,* 224 N.C. 178, 29 S.E. 2d 462; *S. v. Bowser, supra; S. v. Stiles, supra; S. v. Thompson, supra; S. v. Robinson, supra.*

Moreover, this statute, as interpreted by this Court, creates a continuing offense. *S. v. Johnson,* 212 N.C. 566, 194 S.E. 319 ; *S. v. Bradshaw,* 214 N.C. 5, 197 S.E. 564; *S. v. Davis,* 223 N.C. 54, 25 S.E. 2d 164; *S. v. Robinson, supra.*

(For full discussion of continuing offense, special reference is made to opinion by *Barnhill, J.,* in *S. v. Johnson, supra.*) And in order to convict a defendant father under this statute, G.S. 49-2, it is held by the Court that the burden is on the State to show not only that he is the father of the child, and that he has neglected or refused to support and maintain it, but further that his neglect or refusal is willful, that is, intentionally done "without just cause, excuse or justification" after notice and request for support. *S. v. Sharpe,* 234 N.C. 154, 66 S.E. 2d 655; *S. v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333, and cases cited. See also *S. v. Stiles, supra; S. v. Ellison,* 230 N.C. 59, 52 S.E. 2d 9; *S. v. Thompson, supra.*

The charge in the warrant or bill of indictment, as stated in *S. v. Summerlin, supra,* opinion by *Seawell, J.,* "must be supported by the facts as they existed at the time it was formally laid in the court, and cannot be supported by evidence of willful failure supervening between the time the charge was made and the time of trial,—at least when the trial is had . . . upon the original warrant." See also *S. v. Thompson, supra.*

In the light of these principles, the evidence offered by the State, as shown in the case on appeal, is sufficient to take the case to the jury on the issue of paternity, and to support a finding by the jury, beyond a reasonable doubt, that defendant is the father of the child as charged.

And taking the evidence in the light most favorable to the State, it is sufficient to take the case to the jury and to support a finding by the jury, beyond a reasonable doubt, that defendant has failed to support the child between the date of its birth, 27 January, 1953, and the date the bill of indictment was found by the grand jury, March Term, 1953. See *S. v. Love, ante,* 283.

The State's evidence tends to show, and defendant admits that he has not supported the child at any time. But defendant contends that the only evidence of a demand on him for support for the child is the letter written by the prosecutrix after the birth of the child, and that there is

no evidence that this letter was written before or after the bill of indictment was found.

However, the circumstances shown in the evidence in respect to this letter are sufficient to support an inference by the jury that it was written before the bill of indictment was laid. The charge relates to previous conduct of defendant and that was what the trial was about. And the case on appeal shows that prosecutrix, under cross-examination by one of the attorneys for defendant, was shown three letters, one of which she testified was the letter she wrote defendant after the birth of her child asking support for it. And it appears that defendant admitted that he received the letter. But the letter was not offered in evidence. These circumstances support a plain inference that the letter was written before the finding of the bill of indictment.

(2) The matter of the cross-examination relates to the question the solicitor asked defendant, if the reason he did not have the blood test was because he knew the baby was his. Under the circumstances shown, the question was within the bounds of fair cross-examination. Defendant had made a motion for a blood test, and none was made. So, why not?— is a reasonable and natural reaction. No question is raised as to the result of a blood test. Therefore, the legal principles relating to the purpose and value of a blood test are not relevant. Hence, in this question error is not made to appear.

(3) Now as to the charge: Numerous exceptions are taken to the charge. But a reading of the entire charge seems to present the case fairly and squarely to the jury in the light of the evidence and the applicable principles of law.

While the court did not submit written issues as in *S. v. Love, ante,* 283, the charge gave to the jury clear instructions in this respect.

In the judgment below, we find

No error.