## STATE v. STERLING PEEK.

(Filed 2 March, 1966.)

**Bastards § 7—**

   In this prosecution of defendant for wilful failure to support his illegitimate child, the court's definition of the term "wilful" *is held* without error.

MOORE, J., not sitting.

APPEAL by defendant from *Clarkson, J.,* Regular December 1965 Session of MACON.

Defendant was charged in the bill of indictment with wilful failure to support an illegitimate child born to Johnnie Collins of which he was alleged to be the father. Mrs. Tallent, who was married to Johnny Tallent after the birth of the child, testified that she dated defendant Peek from June until October 1962 and had sexual relations with him about three or four times a month from July through October 1962. The child was born 9 July 1963; Mrs. Tallent stated that Peek was the father of it. She testified further that she told him in December 1962 that she was pregnant and that he would have to support the child, and in February 1964 again saw him and demanded support for it. Defendant has contributed nothing toward the support of the child and he was indicted on this charge at the April Session 1964.

Defendant offered evidence to the effect that at the time the child was conceived the mother was associating with other boys and was promiscuous with her favors. He offered evidence of at least one witness to the effect that he had had relations with her. The defendant did not testify.

From a verdict of guilty, the defendant appeals, assigning error.

*Attorney General Bruton, Staff Attorney Andrew A. Vanore, Jr., for the State.*

*J. Horner Stockton and Hall, Thornburg & Holt for defendant.*

PER CURIAM. Defendant relies principally upon the assignment of error that the Presiding Judge did not properly define the word "wilful." However, in the charge, the court stated: " 'Willful,' as used in the statute, means intentional or without a just cause, excuse or justification, and the element of wilfulness must exist at the time the charge is laid. In order to convict a defendant under this statute, the burden is on the State to show not only that he is the father of the child, and that he has refused or neglected to support and maintain it, but further, that his refusal or neglect was willful, without

just cause, excuse or justification after notice and request for support."

Language to this effect was approved in the case of *S. v. Stiles,* 228 N.C. 137, 44 S.E. 2d 728 and *S. v. Chambers,* 238 N.C. 373, 78 S.E. 2d 209.

This was purely a question for the jury and there is ample evidence to sustain the verdict rendered below.

No error.

MOORE, J., not sitting.