STATE OF NORTH CAROLINA v. JOEL ERNIE INGLE

No. 7329SC735

(Filed 28 November 1973)

1. Bastards § 7— failure to support illegitimate child — notice of birth — request for support — instructions

In a prosecution for wilful refusal or neglect to support an illegitimate child, the trial court erred in instructing the jury that a finding that the prosecuting witness demanded support from defendant before issuance of the warrant "and at any time from the time she became aware that she was pregnant" would be sufficient upon the question of notice or request, since to support a conviction there must be notice and request for support after the child is born and a wilful neglect and refusal to support the child before the charge is formally laid.

2. Bastards § 8— failure to support illegitimate child — new trial — no relitigation of paternity issue

Where error in the charge related only to the issue of wilful neglect or refusal to support an illegitimate child and the evidence was sufficient to support the jury's finding that defendant is the father of the child in question, the issue of paternity will not be disturbed and may not be relitigated, and the case will be remanded for a new trial only upon the issue of wilful neglect or refusal to support.

ON *certiorari* to review a trial before *Winner, Judge,* 5 March 1973 Session of Superior Court held in RUTHERFORD County.

Defendant was charged in a warrant, proper in form, with the willful neglect and refusal to support and maintain his illegitimate child (G.S. 49-2). He was found guilty in the District Court and appealed to the Superior Court where he received a trial de novo. He was found guilty in the Superior Court.

*Attorney General Morgan, by Assistant Attorney General Matthis, for the State.*

*J. Nat Hamrick for the defendant.*

BROCK, Chief Judge.

The statute under which defendant was charged (G.S. 49-2) reads, in part, as follows: "Any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor . . . "

To support a conviction under this statute two basic facts must be established: First, that defendant *is a parent* of the illegitimate child in question; and, second, that the defendant has *willfully neglected* or *has refused* to support and maintain the illegitimate child in question. The total of the evidence bearing upon these two basic facts is the following testimony of the mother of the child:

> "My name is Debra Johnson; I am twenty, I am not married; I know Joel Ernie Ingle, I have known him for five years and I have a child named Vicky "Lorraine" Johnson. She was born on May 17, 1972 and the father is Joel Ernie Ingle. I have made demand on Joel Ernie Ingle for support, but he has not supported the child.

> "At the time I was courting Joel, I was not courting anybody else. At the time I got pregnant, I had not had sexual relations with anybody else.

> "Joel gave me $65.00 when I was pregnant carrying the child. He wrote me a $40.00 check to pay the doctor bill and he wrote me a $25.00 check to pay on the doctor bill, and when he signed the check, he wrote, "pay to the Order of Debra Johnson, for the support of the baby," he wrote that on the check. I had no further conversation with him about support or anything about the future of the baby. I tried to get him to help me, but he wouldn't. He has never given me anything other than what I stated above since the baby was born. My mother and I have been supporting the child."

It seems reasonably clear from the foregoing testimony that the only notice given defendant or demand made upon him was prior to the birth of the child. The evidence is completely silent upon the question of whether defendant was ever aware of the birth of the child. From the record it seems likely he was not made aware of the birth until the warrant was issued. The mother testified that the child was born on 17 May 1972, and the record shows that the warrant was issued on 20 May 1972.

The offense condemned by the statute is the willful neglect or the refusal to support and maintain an illegitimate child. There can be no offense until there is a child. "The mere begetting of an illegitimate child is not denominated a crime. Likewise, the failure of the father to pay the expenses of the mother incident to the birth of his illegitimate child is not a criminal offense." *State v. Thompson,* 233 N.C. 345, 64 S.E. 2d 157. Also it is clear that the conviction must be based upon the facts as they existed at the time the charge is formally made (the issuance of the warrant). A conviction cannot be supported by evidence relating only to willful neglect or a refusal to support occurring after the warrant is issued. *State v. Perry,* 241 N.C. 119, 84 S.E. 2d 329.

It is difficult to see how an accused could willfully neglect or could refuse to support his illegitimate child until the accused is aware that such an illegitimate child has been born. True, he might state in advance of the birth that it is his intention not to support and maintain the child, but there can be no willful neglect or refusal to support, within the meaning of the statute, until the child is born and the accused is aware of the birth.

[1]   In this case the trial judge instructed that a finding by the jury that the prosecuting witness demanded support from defendant before the issuance of the warrant and at any time from the time she became aware that she was pregnant would be sufficient upon the question of notice or request. We hold this to be error. Notice and request for support made prior to the birth of the child is not sufficient to place a defendant on notice that the child has been born and support is requested for his illegitimate child. To support a conviction, there must be a notice and request after the child is born and thereafter a willful neglect and refusal to support the child must occur before the charge is formally laid. The offense of nonsupport under G.S. 49-2 is a continuing one, and a new warrant may be filed charging defendant with violation of the statute if such has occurred since the issuance of the warrant upon which he has been tried. The decision upon this appeal will not preclude further prosecution in keeping with the factual situation.

[2]   It appears that the foregoing evidence supports the finding of the jury that defendant is the father of the child in question, Vicky Lorraine Johnson. Also we find the trial judge's instruc-

tions upon the issue of paternity to be free from prejudicial error. Therefore, the answer to the first issue, finding that defendant is the father of the child, will not be disturbed and may not be relitigated. See *State v. Ellis*, 262 N.C. 446, 137 S.E. 2d 840.

Because of the error in the trial court's instructions, defendant is entitled to a new trial upon the issue of willful neglect and refusal to support his illegitimate child as alleged in the present warrant, if the State elects to proceed thereon.

New trial.

Judges CAMPBELL and BALEY concur.