STATE OF NORTH CAROLINA v. THEODORE MIDDLETON

No. 7528SC153

(Filed 7 May 1975)

**Criminal Law § 163— jury instructions — failure to object or tender instruction**

Where defendant neither objected to the charge nor tendered any request for special instructions with respect to the various conflicts in the testimony of the State's witnesses, his assignment of error contending that the trial court failed to declare and explain the law arising on the evidence is without merit.

ON *certiorari* to review the trial of defendant before *Fountain, Judge.* Judgment entered 29 May 1974 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 17 April 1975.

This is a criminal prosecution wherein the defendant, Theodore Middleton, was charged in a bill of indictment, proper in form, with committing a crime against nature, a violation of G.S. 14-177.

At the trial, the State offered the testimony of William Johnson, age fourteen, who stated that at about 9:35 a.m. on 18 March 1974 he and several friends were playing near the defendant's apartment. The defendant invited Johnson inside, and Johnson voluntarily accepted the invitation. The defendant thereafter told Johnson to pull down his pants. Johnson obeyed and the defendant committed the act of fellatio upon him. After approximately fifteen minutes, the defendant "ran . . . [Johnson] out of the house" by threatening him with a butcher knife. Four of Johnson's friends, all of whom were approximately thirteen years of age, testified for the State that they followed Johnson into the defendant's apartment and observed the defendant perform the crime against nature. When asked on cross-examination as to what time the alleged offense occurred, the boys responded 12:45 p.m., 12:35 p.m., 11:00 a.m., and 11:00 a.m., respectively.

Defendant offered evidence tending to establish an alibi between the hours of 9:30 a.m. and 12:30 p.m. He further offered the testimony of Sgt. W. L. Dillingham, the investigating officer, who stated that when he first interviewed Johnson and his friends each of the boys told him that the defendant had forced Johnson into his apartment with the use of a butcher knife.

The jury returned a verdict of guilty as charged. From a judgment that defendant be imprisoned for not less than seven (7) nor more than ten (10) years, he appealed.

*Attorney General Rufus L. Edmisten by Associate Attorney William H. Guy for the State.*

*Peter L. Roda, Public Defender, for defendant appellant.*

HEDRICK, Judge.

By his first assignment of error, defendant contends the trial court failed to declare and explain the law arising on the evidence in its charge to the jury in violation of G.S. 1-180 in that in recapitulating the evidence the trial court did not mention the discrepancies in the testimony of the State's witnesses

(1) as to the time the alleged offense occurred and (2) as to whether the victim voluntarily entered the defendant's apartment.

Objections to the charge in stating the contentions of the parties or in recapitulating the evidence as a general rule must be called to the trial court's attention in apt time to afford an opportunity for correction. *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974). Where the charge fully instructs the jury on all substantive features of the case, defines and applies the law thereto, and states the contentions of the parties, it complies with G.S. 1-180, and a party desiring further elaboration on a particular point, or of his contentions, or a charge on a subordinate feature of the case, must aptly tender a request for special instructions. *State v. Hunt,* 283 N.C. 617, 197 S.E. 2d 513 (1973).

In the instant case, the record discloses that the defendant neither objected to the charge nor tendered any request for special instructions with respect to the various conflicts in the testimony of the State's witnesses. Furthermore, a careful review of the charge discloses that the able trial judge fully instructed the jury on all substantial features of the case, declared and explained the law thereon, and stated and reviewed the contentions of the defendant. This assignment of error is not sustained.

By his second assignment of error, defendant contends the court erred in refusing to set aside the verdict as being "contrary to the evidence" and in signing the judgment. This assignment of error has no merit.

The defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.