STATE OF NORTH CAROLINA v. CRAIG WARREN WALTON

No. 798SC106

(Filed 15 May 1979)

**1. Bastards § 2— willful failure to support—sufficiency of summons to charge crime**

A summons was sufficient to charge defendant with willful failure to provide support for his illegitimate child where it alleged that defendant was the

parent of the illegitimate child in question; that defendant willfully neglected or refused to support and maintain such child; that defendant's willful neglect or refusal to support his illegitimate child occurred after notice of the child's birth and demand of support subsequent to the child's birth; and that criminal support proceedings were initiated only after such notice and demand.

**2. Bastards § 6 — willful failure to support — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for willful failure to provide support for defendant's illegitimate child.

**3. Bastards § 9 — willful failure to support — support order — failure of court to consider defendant's income**

In a prosecution for willful failure to provide support for defendant's illegitimate child, the trial court failed to comply with the dictates of G.S. 49-7 in ordering defendant to pay $200 per month as child support where the court did not consider evidence as to defendant's income, the needs of the child, or any other circumstance relating thereto.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 7 July 1978 in Superior Court, LENOIR County. Heard in the Court of Appeals 27 April 1979.

Defendant was ordered to appear in District Court to answer the charge of willful failure to provide support for his illegitimate child. Defendant was found guilty in the District Court and appealed to Superior Court, where he was found guilty by a jury and sentenced to a term of six months in custody of the Department of Correction. The sentence was suspended upon certain conditions, including payment of $200 per month for the support of his child.

At trial, Martha Harrison, mother of the child, testified that defendnat was her steady boyfriend in March 1977, and they had sexual relations three or four times that month; that she learned of her pregnancy in late April 1977 and had the child on 31 December 1977; that defendant is the father of her child and has not provided any support since birth; that she discussed child support with her mother and an attorney. Miss Harrison also testified that she instructed her mother to contact defendant and ask him for child support and "[t]o contact Craig and ask him if he was going to do anything as far as supporting the baby, and if he didn't to continue to take out the warrant against him."

Mrs. Jean Harrison, prosecutrix's mother, testified:

"My daughter asked me to call the call (sic) the defendant and demand support. It was 3 or 4 weeks after he was born, shortly after he was born.

I told the defendant that she had to have some support for the child, and asked him what he intended to do. He did not give me an answer at that time. He just hum-hawed and didn't give me an answer period. He didn't say anything else at that time. I asked him again if he intended to do anything and I said, Craig, we don't have any choice. I took a warrant out for the defendant."

Defendant's evidence tended to show that: he did not have sex with Martha Harrison after February 1977; he is not the father of the child, Brandon Harrison; and he never admitted to being the father of the child.

The jury answered the issues and returned a verdict as follows:

"1. Is the defendant, Craig Walton, the father of Brandon Dail Harrison born of the body of Martha Jo Harrison on 31 December 1977?

ANSWER: Yes

2. After the birth of Brandon Dail Harrison did Martha Jo Harrison give notice to Craig Walton, demanding that he adequately support Brandon Dail Harrison?

ANSWER: Yes

3. Did the defendant willfully neglect or refuse to maintain or provide adequate support for Brandon Dail Harrison?

ANSWER: Yes

4. Is the defendant, Craig Walton, guilty of willful neglect or refusal to provide adequate support and maintain his illegitimate child?

ANSWER: Yes"

Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Rafford E. Jones, for defendant appellant.*

ERWIN, Judge.

[1] Defendant contends that the criminal summons issued is defective in that it fails to contain all the essential elements of the crime charged. We disagree.

The summons provides in pertinent part:

"THE UNDERSIGNED FINDS THAT THERE IS PROBABLE CAUSE TO BELIEVE that on or about the 31 day of December, 1977, in the county named above, you did unlawfully, willfully, neglect and refuse to provide adequate support and maintain Brandon Dail Harrison, his illegitimate child born to Martha Jo Harrison on December 31, 1977. The refusal and neglect to provide adequate support and maintain the child continued after due notice and demand was made upon him on January 7, 1978 by Jean Harrison, in violation of the following law: GS 49-2."

The summons sets forth each element essential to conviction of the crime charged: (1) that defendant is the parent of the illegitimate child in question; (2) that defendant has willfully neglected or refused to support and maintain such illegitimate child, *State v. Coffey*, 3 N.C. App. 133, 164 S.E. 2d 39 (1968); (3) that defendant's willful neglect or refusal to support his illegitimate child occurred after notice of the child's birth and demand of support subsequent to the child's birth; and (4) that criminal support proceedings were initiated only after such notice and demand. *State v. Ingle*, 20 N.C. App. 50, 200 S.E. 2d 427 (1973). Under G.S. 49-2, defendant was charged with the duty to provide *adequate* support for his illegitimate child. The summons alleges that defendant failed to provide any support whatsoever. We hold that the summons contains each essential element of the crime charged and is valid.

[2] Defendant's contention that the trial judge erred in refusing to dismiss the case at the close of the State's evidence and at the close of all the evidence is without merit.

On a motion to nonsuit, the evidence is to be considered in its most favorable light for the State, and the State is entitled to every inference of fact which may reasonably be deduced from the evidence, and contradictions and discrepancies in the State's evidence are for the jury to resolve and do not warrant the granting of the motion of nonsuit. *State v. Snyder*, 3 N.C. App. 114, 164 S.E. 2d 42 (1968). When viewed in the light most favorable for the State, the evidence was sufficient to go to the jury on the premise that defendant's neglect or refusal to provide support for his illegitimate child was willful. We find no error in the court's denial of the motion to nonsuit.

Defendant next assigns as error the trial court's instructions to the jury. We find no error.

Defendant would have us read into the trial court's charge a limitation of the jury's consideration to only one issue. This the court did not do. On the contrary, the court stated:

> "There are four questions to be answered—three of these deal with the elements of the crime and the fourth being what is in effect your verdict in the case.

> That is whether or not the defendant, Craig Walton is guilty of willful neglect or refusal to provide adequate support and maintenance of said illegitimate child."

Later in its charge, the court proceeded to set forth the first three elements of the offense:

> "[I] charge for you to find that the defendant is guilty of willful neglect or refusal to maintain adequate support for his illegitimate child, the State must prove to you by the evidence and beyond a reasonable doubt three things.

> The first: Is the defendant, Craig Walton, the father of Brandon Dale Harrison born of the body of Martha Jo Harrison on December 31, 1977? Second, that Brandon Dale Harrison or that after Brandon Dale Harrison was born, that Martha Jo Harrison gave notice to the defendant demanding that he maintain and provide adequate support for Brandon Dale Harrison. . . .

> The third thing that the State must prove to you by the evidence and beyond a reasonable doubt before you may find

the defendant guilty of the crime charged is that the defendant willfully neglected or refused to support or refused to maintain and provide adequate support for Brandon Dale Harrison. Willfully means intentionally and without justification or excuse."

The court fully instructed the jury on all the elements of the offense charged, defined and applied the law thereto, and stated the contentions of the parties. This is all that G.S. 15A-1232 requires. *See State v. Middleton*, 25 N.C. App. 632, 214 S.E. 2d 248 (1975), (construing G.S. 1-180, the predecessor statute of G.S. 15A-1232, repealed 1977). The charge must be read contextually, and when this is done, it is manifest that the jury understood that each element had to be proved by evidence establishing the same beyond a reasonable doubt. We find no error.

[3] Defendant's last assignment of error is that the trial judge committed error by ordering him to pay $200 per month as child support without any evidence as to his income, the needs of the child, or any other circumstance relating thereto. This assignment of error has merit.

Upon a conviction of willful failure to support an illegitimate child, the trial court has plenary power to suspend imposition or execution of defendant's sentence on condition that he pay a specified sum of money into court for support of his illegitimate child. *State v. Bowser*, 232 N.C. 414, 61 S.E. 2d 98 (1950). However, G.S. 49-7 provides in relevant part:

"[A]fter this matter shall have been determined in the affirmative, the court shall fix by order, subject to modification or increase from time to time, a specific sum of money necessary for the support and maintenance of the particular child who is the object of the proceedings. The court in fixing this sum shall take into account the circumstances of the case, the financial ability to pay and earning capacity of the defendant, and his or her willingness to cooperate for the welfare of the child."

The record does not indicate that the trial court in the instant case complied with the dictates of G.S. 49-7. Such compliance is essential to the validity of its support order.

Accordingly, that part of the court's judgment ordering the payment of $200 per month as child support is vacated. The case is remanded with instructions that the trial court conduct a hearing to determine the amount the defendant should pay for the support of his child. The beginning date of payment shall be 7 July 1978, the date the judgment was entered at the defendant's original trial.

Remanded for proper judgment.

Judges MARTIN (Robert M.) and ARNOLD concur.