STATE v. RANSOME PERRY.

(Filed 10 November, 1954.)

1. **Bastards § 6—**

Where, in a prosecution for willful neglect and refusal to support an illegitimate child, the evidence discloses that no demand for support of the child was made upon defendant until after the warrant was drawn, non-suit must be entered, since the warrant must be supported by the facts as they existed at the time it was formerly laid, and cannot be supported by evidence of willful failure thereafter.

2. **Bastards § 1: Criminal Law § 24½—**

The willful failure to support an illegitimate child is a continuing offense, and therefore dismissal for want of evidence that the failure to support was willful will not preclude a subsequent prosecution.

APPEAL by defendant from *Paul, S. J.,* at May Criminal Term 1954, of WAKE.

Criminal prosecution upon a warrant issued 14 January, 1954, out of Domestic Relations Court of Wake County charging, as amended in Superior Court that on "14th day of January, 1954, Ransome Perry . . . being the father of Reginald L. Jones, did unlawfully and wilfully neglect and refuse to support and maintain the said Reginald L. Jones, his illegitimate child, against the statute," etc., heard in Superior Court of Wake County upon appeal thereto by defendant.

Upon the trial in Superior Court, the evidence offered by the State tends to show: (1) That an illegitimate child, Reginald L. Jones, was born in Wake County, N. C., to Dorothy Louise Jones, an unmarried woman on 24 November, 1953; (2) that defendant Ransome Perry is the father of said illegitimate child; (3) that warrant in this proceeding was

issued 14 January, 1954; and (4) that no demand for the support of the child was made upon defendant until two days thereafter, that is, 16 January, 1954.

Verdict: Guilty as charged.

Judgment: Pronounced.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and William P. Mayo, Member of Staff, for the State.*

*Taylor & Mitchell for defendant, appellant.*

PER CURIAM. Since the charge in the warrant "must be supported by the facts as they existed at the time it was formally laid in court, and cannot be supported by evidence of willful failure supervening between the time the charge was made and the time of the trial—at least when the trial is had—as it was here upon the original warrant," *S. v. Summerlin,* 224 N.C. 178, 29 S.E. 2d 462, pertinent evidence in this respect offered upon trial of present case in Superior Court being directed to occurrence after the warrant was issued is insufficient to support the charge,—and the motion of defendant for judgment of nonsuit must be allowed. However, the statute, as interpreted by this Court, creates a continuing offense, *S. v. Johnson,* 212 N.C. 566, 194 S.E. 319; *S. v. Chambers,* 238 N.C. 373, 78 S.E. 2d 209, and cases cited.

Hence the decision here will not preclude further prosecution in keeping with the existing factual situation.

Reversed.