State v. Killian

Remanded.

Judges WELLS and BRASWELL concur.

STATE OF NORTH CAROLINA v. JACK KILLIAN

No. 8222SC797

(Filed 1 March 1983)

**Criminal Law § 16.1— appeal from district court—new statement of charges—superior court having no jurisdiction**

In a prosecution for willful failure to support defendant's illegitimate child, the superior court had no jurisdiction to try defendant for a new offense, a separate and distinct violation of G.S. 49-2, since a violation of G.S. 49-2 is a misdemeanor, and the district court had exclusive, original jurisdiction of the new offense. G.S. 7A-272(a).

APPEAL by defendant from *Washington, Judge.* Judgment entered 30 March 1982 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 8 February 1983.

Defendant appeals from a judgment entered upon his conviction for willful failure to support his illegitimate child.

*Attorney General Edmisten, by Assistant Attorney General Barry S. McNeill, for the State.*

*Rudisill & Brackett, P.A., by J. Steven Brackett, for defendant appellant.*

WHICHARD, Judge.

A warrant issued 23 December 1981 charged defendant with, on that date, willfully neglecting and refusing to provide adequate support for his illegitimate child, a violation of G.S. 49-2. The warrant alleged that the child was born on 9 September 1981, and that defendant's "refusal and neglect to provide adequate support and maintain the child continued after due notice and demand was made upon him on September 9, 1981 and on March 12, 1981 and January 12, 1982 by Registered Mail . . . ."

Violation of G.S. 49-2 is a misdemeanor. None of the exceptions in G.S. 7A-271(a) applied; and the district court thus had ex-

clusive, original jurisdiction. G.S. 7A-272(a). On 25 January 1982 that court found defendant guilty, and he appealed to superior court.

On 30 March 1982 when the matter came before the superior court for trial *de novo*, *see* G.S. 7A-271(a)(5), the District Attorney issued a "misdemeanor statement of charges," *see* G.S. 15A-922(d), (e), alleging that on or about 26 January 1982 defendant willfully neglected and refused to provide adequate support and to maintain the child, which "continued after due notice and demand . . . upon the defendant on January 12, 1982." The State and defendant have stipulated that this statement was duly served on defendant, and that defendant was arraigned and pled not guilty to the offense charged therein. A superior court jury found defendant guilty as charged, and he appeals from a judgment on that verdict.

> In order to support a finding of wilful nonsupport of an illegitimate child by the father, the State must prove beyond a reasonable doubt that the mother . . . has, *after the child was born and before the prosecution was commenced,* made demand upon the father for support and *after such demand and before prosecution* the father wilfully neglected and refused to provide adequate support according to his means and condition and the necessities of the child.

*State v. Ellis*, 262 N.C. 446, 451, 137 S.E. 2d 840, 845 (1964) (emphasis supplied). A non-support charge under G.S. 49-2 "cannot be supported by evidence of willful failure supervening between the time the charge was made and the time of the trial—at least when the trial is had . . . upon the original warrant." *State v. Perry*, 241 N.C. 119, 120, 84 S.E. 2d 329, 330 (1954) (quoting *State v. Summerlin*, 224 N.C. 178, 181, 29 S.E. 2d 462, 464 (1944)). *See also State v. Thompson*, 233 N.C. 345, 347, 64 S.E. 2d 157, 159 (1951).

The only evidence here of demand for support of the child was the mother's testimony that she and her attorney made demand on defendant on or about 12 January 1982. Pursuant to the foregoing authorities, demand on 12 January 1982 would not sustain a warrant charging violation of G.S. 49-2 on 23 December 1981. It was apparently on that account that the State abandoned its prosecution on the original warrant, upon which defendant had

State v. Killian

been convicted in the district court, and issued the "misdemeanor statement of charges" alleging non-support by defendant on 26 January 1982, a date subsequent to that on which demand allegedly was made.

A "statement of charges" is governed by the following provisions of G.S. 15A-922:

> (d) Statement of Charges upon Determination of Prosecutor — The prosecutor may file a statement of charges upon his own determination *at any time prior to arraignment in the district court.* It may charge the same offenses as the citation, criminal summons, warrant for arrest, or magistrate's order or additional or different offenses.

> (e) Objection to Sufficiency of Criminal Summons . . . . — If the defendant by appropriate motion objects to the sufficiency of a criminal summons, warrant for arrest, or magistrate's order as a pleading, at the time of or after arraignment in the district court or upon trial de novo in the superior court, and the judge rules that the pleading is insufficient, the prosecutor may file a statement of charges, but a statement of charges filed pursuant to this authorization may not change the nature of the offense. [Emphasis supplied.]

The record contains no motion by defendant objecting to the sufficiency of the original warrant. The statement of charges was filed by the prosecutor "upon his own determination"; and that could only be done "prior to arraignment in the district court," not upon trial *de novo* on appeal to superior court. G.S. 15A-922(d). If the statement had realleged the original charge of an offense on 23 December 1981, then, it would have been untimely and thereby without legal authorization.

The statement did not reallege the original 23 December 1981 offense, however. It alleged instead a separate violation of G.S. 49-2 committed on 26 January 1982.

G.S. 49-2 "creates a continuing offense." *Perry, supra,* at 120, 84 S.E. 2d at 330. "[C]ontinuing the offense . . . is a new violation of the law. Each day during which it is continued constitutes a separate offense and will support a separate prosecution, provided the warrant or indictment alleges separate and distinct

times during which the offense was committed." *State v. Johnson,* 212 N.C. 566, 570, 194 S.E. 319, 321 (1937).

The 26 January 1982 offense alleged by the statement of charges thus was a new violation of G.S. 49-2, separate and distinct from the 23 December 1981 offense alleged by the original warrant. While the 23 December 1981 offense charged in the original warrant would properly have been before the superior court for trial *de novo* on appeal from the district court, G.S. 7A-271(a)(5), the statement brought before the superior court a new offense—a separate and distinct violation of G.S. 49-2—alleged to have occurred on 26 January 1982.

Because violation of G.S. 49-2 is a misdemeanor, the district court had exclusive, original jurisdiction of the new offense. G.S. 7A-272(a). Until defendant was tried and convicted in district court and appealed to superior court for trial *de novo*, the superior court had no jurisdiction of the case. *State v. Bryant,* 280 N.C. 407, 411, 185 S.E. 2d 854, 857 (1972). "The jurisdiction of the superior court is derivative and arises only upon an appeal from a conviction of the misdemeanor in the district court." *State v. McKoy,* 44 N.C. App. 516, 517, 261 S.E. 2d 226, 226, *cert. denied,* 299 N.C. 546, 265 S.E. 2d 405 (1980). *See also Cline v. Cline,* 6 N.C. App. 523, 528, 170 S.E. 2d 645, 649 (1969). The superior court thus had no jurisdiction to try defendant for the new offense alleged in the statement, and the conviction accordingly must be reversed.

Because the offense is a continuing one, "the decision here will not preclude further prosecution in keeping with the existing factual situation." *Perry, supra,* at 120, 84 S.E. 2d at 330.

Reversed.

Judges ARNOLD and HILL concur.