NO. COA14-176

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA,
    Plaintiff,

    v.
                                 Richmond County
                                 No. 12 CRS 52607

SHANEEQUAH NICOLE WALL,
    Defendant.

Appeal by defendant from judgment entered 9 October 2013 by Judge Mark E. Klass in Richmond County Superior Court. Heard in the Court of Appeals 3 June 2014.

    *Attorney General Roy Cooper, by Senior Deputy Attorney General Robert T. Hargett, for the State.*

    *Michelle FormyDuval Lynch, for defendant.*

ELMORE, Judge.

On 9 October 2013, a jury found Shaneequah Nicole Wall ("defendant") guilty of resisting a public officer. The trial court sentenced defendant to 45 days imprisonment, suspended, and placed her on supervised probation for 12 months. Defendant gave notice of appeal in open court. We hold that the Richmond County Superior Court lacked legal authority and, therefore, was without subject matter jurisdiction to try defendant on the

offense alleged in the misdemeanor statement of charges when defendant was appealing from the judgment entered in district court after a conviction on a magistrate's order.  We vacate defendant's conviction.

## I.  BACKGROUND

Based on the record evidence, which is conflicting on occasion, the facts of this case are as follows:  On 18 September 2012, the Richmond County Sheriff's Office received a warrant for the arrest of William Wall, Sr. ("Wall Sr.") and an emergency child custody order for William Wall, Jr. ("Jr."), Wall Sr.'s minor child, from the Osceola County Sheriff's Office in Florida.  The child custody order was based on allegations of abuse or neglect and indicated that Richmond County was to take immediate custody of Jr., who was 20 months old.  The custody order stated that Jr. could be found at 127 Logan Park in the city of Rockingham.

Deputy Cory Jones ("Deputy Jones") with the Richmond County Sheriff's Office was dispatched to the Logan Park address.  As Deputy Jones entered Wall Sr.'s neighborhood, he spotted Wall Sr. driving out.  Deputy Jones stopped the truck and arrested Wall Sr. Deputy Jones informed passenger Felicia Wall, (Wall Sr.'s daughter) of the arrest warrant for her father and of the child custody order for Jr.  Felicia Wall drove Wall Sr.'s truck

to the Logan Park residence as Deputy Jones followed in a marked patrol car.

When he arrived at the residence, Deputy Jones stood in the doorway and identified himself as a sheriff's deputy to Rosa Wall, Jr.'s paternal grandmother and the apparent home owner. Deputy Jones informed Rosa Wall of the warrant and of the child custody order. Meg Demayo with the Richmond County Department of Social Services and Lieutenant Mike Burns ("Lieutenant Burns") met Deputy Jones at the residence. Defendant and Felicia Wall were present as well.

Lieutenant Burns testified that there were two minor children in the home. Lieutenant Burns asked Rosa Wall to identify Jr. Initially, Rosa Wall said that Jr. was not in the residence. However, she later confirmed that Jr. was in the residence, that he was "fine," and that he was "not going nowhere." The record discloses that defendant, Felicia Wall, and Rosa Wall each refused to identify Jr. when asked to do so by law enforcement. Pointing to the child later identified as Jr., Deputy Jones specifically asked defendant; "Whose baby is that?" Defendant responded; "His mama is on the way." Lieutenant Burns warned: "If I find out that either of these two children in this home is in fact the child William Wall, Jr. that I'm looking for, everybody in the residence will go to jail." After approximately two hours, Florida authorities

transmitted a photograph of Jr. and the officers were able to identify him and place him in DSS custody.

The video footage illustrates, and Deputy Jones admits, that the officers never presented the emergency child custody order to defendant, Rosa Wall, or Felicia Wall. Lieutenant Burns testified that he had the emergency child custody order in his possession; however, he stated that he did not feel it was necessary to show it until one of the women affirmatively identified Jr.

Defendant, Felicia Wall, and Rosa Wall were each arrested based on their refusal to identify Jr. Lieutenant Burns told the women; "We're arresting you for resisting—for lying to us." On 6 December 2012, a magistrate's order charged defendant with resisting a public officer, § 14-223, and giving fictitious information to a public officer, § 20-29, for the 18 September 2012 incident. Defendant was tried on the magistrate's order and found guilty of resisting a public officer on 6 December 2013. The fictitious information charge was dismissed.

Defendant appealed the district court judgment to Richmond County Superior Court for a trial *de novo*. On 2 July 2013, the State filed a misdemeanor statement of charges in superior court. Defendant was tried on the misdemeanor statement of charges and found guilty of resisting a public officer on 9 October 2013. Defendant now appeals.

## II. ANALYSIS

Defendant argues that the superior court lacked subject matter jurisdiction to try her on a misdemeanor statement of charges filed in superior court for an alleged 18 September 2012 violation of § 14-223 because defendant was tried and convicted on a magistrate's order in district court. We agree.

A "statement of charges" is governed, in relevant part, by the following provisions of N.C. Gen. Stat. § 15A-922 (2013):

> (d) Statement of Charges upon Determination of Prosecutor.--The prosecutor may file a statement of charges upon his own determination at any time prior to arraignment in the district court. It may charge the same offenses as the citation, criminal summons, warrant for arrest, or magistrate's order or additional or different offenses.
>
> (e) Objection to Sufficiency of Criminal Summons; Warrant for Arrest or Magistrate's Order as Pleading.--If the defendant by appropriate motion objects to the sufficiency of a criminal summons, warrant for arrest, or magistrate's order as a pleading, at the time of or after arraignment in the district court or upon trial de novo in the superior court, and the judge rules that the pleading is insufficient, the prosecutor may file a statement of charges, but a statement of charges filed pursuant to this authorization may not change the nature of the offense.
>
> (f) Amendment of Pleadings prior to or after Final Judgment.--A statement of charges, criminal summons, warrant for arrest, citation, or magistrate's order may be amended at any time prior to or after final judgment when the amendment does not change

the nature of the offense charged.

N.C. Gen. Stat. § 15A-922 (2013).

The crux of defendant's issue is that the State's filing of the misdemeanor statement of charges was untimely and therefore impermissible. We agree. Subsection (d) of N.C. Gen. Stat. § 15A-922 clearly provides that "[t]he prosecutor may file a statement of charges upon his own determination at *any time prior to arraignment in the district court*." After arraignment, the State may only file a statement of charges when the defendant (1) objects to the sufficiency of the criminal summons and (2) the trial court rules that the pleading is in fact insufficient. N.C. Gen. Stat. § 15A-922(e). While subsection (f) allows the charging instrument to be amended prior to or after a final judgment is entered, this does not grant the State authority to change the form of the charging instrument; i.e., the State cannot "amend" a magistrate's order by filing a misdemeanor statement of charges. Doing so would change the nature of the original pleading entirely. Accordingly, the State has a limited window in which it may file a statement of charges on its own accord, and that is prior to arraignment.

To further illustrate this point, we look to *State v. Killian*, 61 N.C. App. 155, 158, 300 S.E.2d 257, 259 (1983), a case in which the State similarly filed a statement of charges

in superior court after the defendant was tried and convicted on a warrant in district court. On appeal, this Court vacated the superior court's judgment for want of jurisdiction on the basis that the statement of charges alleged a separate statutory violation than that charged in the warrant. *Id*. at 158, 300 S.E.2d at 259. However, assuming *arguendo* that the statement of charges did not change the nature of the offense charged, this Court opined that the State's filing in superior court was nevertheless "untimely and thereby without legal authorization." *Id*. at 157, 300 S.E.2d at 259. We noted that the record contained no motion by the defendant objecting to the sufficiency of the original warrant and held, "[t]he statement of charges was filed by the prosecutor 'upon his own determination'; and that could only be done 'prior to arraignment in the district court,' not upon trial *de novo* on appeal to superior court." *Id*.

Here, the State did not file the statement of charges prior to defendant's arraignment in district court. As in *Killian*, the record similarly discloses that no motion was made by defendant objecting to the sufficiency of the magistrate's order. Thus, the trial court was not afforded the opportunity to rule on whether the magistrate's order was sufficient. Nonetheless, the prosecutor "upon his own determination" filed the misdemeanor statement of charges seven months after

defendant appealed the district court judgment to superior court. This filing was "untimely and thereby without legal authorization." Thus, the superior court had no jurisdiction to try defendant for the new offense alleged in the statement of charges. Defendant's conviction must be vacated. Defendant's remaining issues on appeal are moot.

Vacated.

Judges McGEE and HUNTER, Robert C., concur.