ZACHARY, Judge.
 

 *734
 

 *491
 
 Ben Lee Capps ("Defendant") appeals from judgments entered upon jury verdicts finding him guilty of misdemeanor larceny, injury to personal property, and reckless driving to endanger. However, the trial court lacked jurisdiction to try Defendant on offenses alleged in the misdemeanor statement of charges. Thus, we vacate the judgment
 
 *492
 
 stemming from the charges alleged in the misdemeanor statement of charges and remand to the trial court to resentence Defendant for his remaining conviction.
 

 I. Background
 

 On 19 April 2016, a McDowell County magistrate issued arrest warrants charging Defendant with misdemeanor larceny and injury to personal property in file number 16 CRS 50513 and reckless driving to endanger in 16 CRS 50514. Defendant pleaded guilty to the charges in district court on 24 August 2016. He was sentenced to time served and ordered to pay restitution of $ 25.00 to Love's Truck Stop. On 2 September 2016, Defendant filed notice of appeal to superior court for a trial
 
 de novo
 
 pursuant to N.C. Gen. Stat. § 15A-1431.
 

 Defendant was tried in superior court on 23 October 2017 before the Honorable Stanley L. Allen. Prior to jury selection, the prosecutor moved to amend the charges in 16 CRS 50513 with a misdemeanor statement of charges, as follows:
 

 THE COURT: The State has a motion to amend.
 

 [PROSECUTOR]: Yes, sir. I have drafted it on a misdemeanor statement of charges. The history of this case briefly is that this was a misdemeanor which was pled guilty to in [district] court based on the charging language, and it was a time-served judgment, and so it was not scrutinized closely. The charging language alleges that the personal property and the property stolen in the larceny are the property-Love's Truck Stop. I am moving to amend the owner of that property to Love's Travel Stop & Country Stores, Incorporated. May I approach?
 

 THE COURT: Yes, sir. What says the defendant?
 

 [DEFENSE COUNSEL]: No objection, Your Honor.
 

 The trial court granted the State's motion and a misdemeanor statement of charges was signed and entered that day. The arrest warrant identified the owner of the stolen property as "Loves Truck Stop," while the misdemeanor statement of charges identified the owner as "Love's Travel Stops & Country Stores, Inc." In 16 CRS 50513, the State proceeded upon the statement of charges signed by the prosecutor, rather than the arrest warrant upon which Defendant was convicted in district court and from which he appealed to superior court.
 

 *493
 
 At trial, the State presented evidence that Defendant drove to Love's Truck Stop on 19 April 2016 and stopped his vehicle at the store's air pump. While arguing loudly with a passenger, Defendant exited his vehicle and attempted to put air in the rear tire. He then began swinging the air hose at the passenger-side window and telling the passenger "to be quiet." Defendant then cut off the end of the air hose, dragged the passenger from the vehicle, attempted to strike her with the severed hose, and placed the section of hose inside of his car.
 

 Deputy Donald Cline, an off-duty member of the Swain County Sheriff's Office, was at the truck stop refueling his vehicle, and he walked toward the disturbance. As Defendant began to berate an attendant, Deputy Cline approached Defendant, displayed his badge, and lifted his shirt to reveal his service weapon. With his passenger lying on the ground, Defendant reentered his vehicle and drove around the store at a high speed while "burning" his tires, leaving a continuous tread mark on the pavement. Defendant then drove through an intersection, where he narrowly passed between a tractor-trailer and a stopped car, ran a red light, and headed "up the interstate at a high rate of speed."
 

 The jury found Defendant guilty of all charges. The trial court sentenced Defendant to 120 days in the custody of the North Carolina Division of Adult Correction for
 
 *735
 
 misdemeanor larceny and ordered him to pay $ 25.00 in restitution, together with $ 1,170.00 in court-appointed counsel fees. The court consolidated the reckless driving and injury to personal property convictions for judgment and imposed a 45-day sentence to run consecutively with Defendant's larceny sentence. Defendant gave notice of appeal in open court.
 

 II. Discussion
 

 On appeal, Defendant contends that the superior court lacked jurisdiction to try him for misdemeanor larceny and injury to personal property because the State proceeded upon an untimely misdemeanor statement of charges in 16 CRS 50513 rather than the arrest warrant upon which Defendant was convicted in district court. We agree.
 

 A trial court's subject matter jurisdiction is a question of law reviewed
 
 de novo
 
 on appeal.
 
 State v. Herman
 
 ,
 
 221 N.C. App. 204
 
 , 209,
 
 726 S.E.2d 863
 
 , 866 (2012). A misdemeanor statement of charges is one of several charging instruments that may serve as a pleading in North Carolina. N.C. Gen. Stat. § 15A-921(5) (2017). Typically, a "citation, criminal summons, warrant for arrest, or magistrate's order serves as the pleading of the State for a misdemeanor prosecuted in the district court,
 
 *494
 
 unless the prosecutor files a statement of charges[.]"
 

 Id.
 

 § 15A-922(a). "A statement of charges is a criminal pleading which charges a misdemeanor."
 

 Id.
 

 § 15A-922(b)(1). "When a statement of charges is filed it supersedes all previous pleadings of the State and constitutes the pleading of the State."
 

 Id.
 

 § 15A-922(a).
 

 The timing of arraignment in district court is determinative as to how, when, and for what reason a prosecutor can file a statement of charges. "The prosecutor may file a statement of charges upon his own determination
 
 at any time prior to arraignment in the district court
 
 ."
 

 Id.
 

 § 15A-922(d) (emphasis added). "After arraignment, the State may only file a statement of charges when the defendant (1) objects to the sufficiency of the criminal summons and (2) the trial court rules that the pleading is in fact insufficient."
 
 State v. Wall
 
 ,
 
 235 N.C. App. 196
 
 , 199,
 
 760 S.E.2d 386
 
 , 388 (2014) (citing N.C. Gen. Stat. § 15A-922(e) ). If the trial court allows the State to file a statement of charges at or after arraignment, the new statement of charges "may not change the nature of the offense." N.C. Gen. Stat. § 15A-922(e). "A statement of charges, criminal summons, warrant for arrest, citation, or magistrate's order may be amended at any time prior to or after final judgment when the amendment does not change the nature of the offense charged."
 

 Id.
 

 § 15A-922(f).
 

 Although N.C. Gen. Stat. § 15A-922(f) permits a misdemeanor charging instrument to be amended at any time, a charging instrument may be amended by a misdemeanor statement of charges only under limited circumstances. In
 
 Wall
 
 , the defendant was charged by magistrate's order with resisting a public officer and giving false information to a public officer.
 
 Wall
 
 ,
 
 235 N.C. App. at 198
 
 ,
 
 760 S.E.2d at 387
 
 . Following his conviction in district court, the defendant appealed to superior court for a trial
 
 de novo
 
 .
 

 Id.
 

 The State filed a misdemeanor statement of charges in superior court on which the defendant was tried and found guilty.
 

 Id.
 

 This Court vacated the judgment, holding that the superior court "lacked legal authority and, therefore, was without subject matter jurisdiction to try [the] defendant on the offense alleged in the misdemeanor statement of charges."
 
 Id.
 
 at 197,
 
 760 S.E.2d at 386
 
 . We explained:
 

 While subsection (f) allows the charging instrument to be amended prior to or after a final judgment is entered,
 
 this does not grant the State authority to change the form of the charging instrument; i.e., the State cannot "amend" a magistrate's order by filing a misdemeanor statement of charges
 
 . Doing so would change the nature of the original pleading entirely. Accordingly, the State has a limited
 
 *495
 
 window in which it may file a statement of charges on its own accord, and that is prior to arraignment.
 

 Id.
 
 at 199,
 
 760 S.E.2d at 388
 
 (emphasis added).
 

 Just as the magistrate's order in
 
 Wall
 
 could not be "amended" by filing a misdemeanor statement of charges, here, the arrest warrant could not be "amended" by
 
 *736
 
 filing a misdemeanor statement of charges, unless either (1) the prosecutor filed the statement of charges prior to Defendant's arraignment in district court, N.C. Gen. Stat. § 15A-922(d) ; or (2) Defendant objected to the warrant's sufficiency as a pleading, and the trial court agreed that the warrant was insufficient.
 

 Id.
 

 § 15A-922(e). Neither of these exceptions apply in the present case. The statement of charges was untimely and therefore unauthorized.
 
 Wall
 
 ,
 
 235 N.C. App. at 200
 
 ,
 
 760 S.E.2d at 388
 
 . "Thus, the superior court had no jurisdiction to try [D]efendant for the new offense alleged in the statement of charges."
 

 Id.
 

 ;
 
 see also
 

 State v. Killian
 
 ,
 
 61 N.C. App. 155
 
 , 157-58,
 
 300 S.E.2d 257
 
 , 259 (1983) (vacating judgment because the State filed a misdemeanor statement of charges alleging a separate statutory violation than that charged by the warrant, but reasoning that even if the statement of charges had alleged the same offense, "it would have been untimely and thereby without legal authorization").
 

 In the instant case, the State could have amended the warrant "at any time prior to or after final judgment [so long as] the amendment d[id] not change the nature of the offense charged." N.C. Gen. Stat. § 15A-922(f) ;
 
 see also
 

 State v. Clements
 
 ,
 
 51 N.C. App. 113
 
 , 115-17,
 
 275 S.E.2d 222
 
 , 224-25 (1981) (allowing the State to amend the arrest warrant at the close of the State's evidence because the amendment did not change the nature of the charged offense). However, this Court's holding in
 
 Wall
 
 , applying the plain language of N.C. Gen. Stat. § 15A-922, dictates that the State may not amend a charging instrument in superior court by filing a misdemeanor statement of charges unless the defendant objects to the sufficiency of the charging instrument and the trial court rules that the pleading is in fact insufficient.
 
 Wall
 
 ,
 
 235 N.C. App. at 199
 
 ,
 
 760 S.E.2d at 388
 
 . The only fact distinguishing this case from
 
 Wall
 
 is the nature of the original charging instrument. The defendant in
 
 Wall
 
 was charged upon a magistrate's order,
 
 id.
 
 at 198,
 
 760 S.E.2d at 387
 
 , whereas here, Defendant was charged upon an arrest warrant. In neither instance did the defendant object to the sufficiency of the charging instrument.
 
 Id.
 
 at 200,
 
 760 S.E.2d at 388
 
 . Nor is it of any consequence that Defendant failed to object to the statement of charges before the superior court. "Subject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel, and failure to ... object to the jurisdiction is immaterial."
 
 State v. Collins
 
 ,
 
 245 N.C. App. 478
 
 , 485,
 
 783 S.E.2d 9
 
 , 14 (2016).
 

 *496
 
 The State argues in this case that "the prosecutor did not file a statement of charges on his own accord at superior court .... [but] moved to amend the original warrant, and the statement of charges was entered as an amendment to the warrant." That argument contradicts the statute and this Court's holding in
 
 Wall
 
 . The plain language of the statute clearly provides that "[w]hen a statement of charges is filed it supersedes all previous pleadings of the State and constitutes the pleading of the State." N.C. Gen. Stat. § 15A-922(a).
 
 Wall
 
 explains that although section 15A-922(f) permits the State to amend the charging instrument before or after final judgment is entered, "this does not grant the State authority to change
 
 the form
 
 of the charging instrument; i.e., the State cannot 'amend' a[n] [arrest warrant] by filing a misdemeanor statement of charges. Doing so would change the nature of the original pleading entirely."
 
 Wall
 
 ,
 
 235 N.C. App. at 199
 
 ,
 
 760 S.E.2d at 388
 
 (emphasis added).
 

 In the instant case, the State informed the trial court that it had "a motion to amend [the arrest warrant]" that was "drafted ... on a misdemeanor statement of charges." While the State may assert that it merely intended to amend the arrest warrant, the newly filed misdemeanor statement of charges superseded the arrest warrant and became the pleading of the State.
 
 See
 
 N.C. Gen. Stat. § 15A-922(a). This Court's case law does not allow the State, after arraignment in district court, to amend one charging instrument by filing a different type of charging instrument; indeed, it forbids it.
 
 Wall
 
 ,
 
 235 N.C. App. at 199
 
 ,
 
 760 S.E.2d at 388
 
 . This Court is bound by that precedent.
 
 In re Appeal from Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989) ("Where a panel of the Court of Appeals has decided
 
 *737
 
 the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Additionally, this Court is "an error-correcting body, not a policy-making or law-making one. We lack the authority to change the law ...."
 
 Fagundes v. Ammons Dev. Grp., Inc.
 
 ,
 
 251 N.C. App. 735
 
 , 739,
 
 796 S.E.2d 529
 
 , 533 (citation omitted),
 
 disc. review denied
 
 ,
 
 370 N.C. 66
 
 ,
 
 803 S.E.2d 626
 
 (2017).
 

 In that the State filed an untimely and unauthorized misdemeanor statement of charges, the trial court was without subject matter jurisdiction to try Defendant on the charges therein. Therefore, the judgment entered on those charges is void and must be vacated.
 

 III. Conclusion
 

 In that the prosecutor proceeded on an untimely misdemeanor statement of charges in 16 CRS 50153, the trial court lacked jurisdiction to try Defendant on the charges listed. Accordingly, we vacate Defendant's
 
 *497
 
 convictions for misdemeanor larceny and injury to personal property. We remand the case for the court to resentence Defendant on his conviction for reckless driving to endanger in 16 CRS 50154.
 

 VACATED IN PART; REMANDED FOR RESENTENCING IN PART.
 

 Judge HAMPSON concurs.
 

 Judge BERGER dissents in separate opinion.
 

 BERGER, Judge, dissenting in separate opinion.
 

 The majority relies on
 
 State v. Wall
 
 ,
 
 235 N.C. App. 196
 
 ,
 
 760 S.E.2d 386
 
 (2014) in reaching its decision. However, the majority has failed to discuss the plain language of N.C. Gen. Stat. § 15A-922(d) and
 
 Wall
 
 regarding the meaning of the phrase "upon [the prosecutor's] determination." Moreover, the majority and
 
 Wall
 
 incorrectly conclude that the State is prohibited from using a misdemeanor statement of charges to change the nature of the original pleading. Therefore, I respectfully dissent.
 
 [1]
 

 "A statement of charges is a criminal pleading which charges a misdemeanor." N.C. Gen. Stat. § 15A-922 (b)(1) (2017) ;
 
 see also
 
 N.C. Gen. Stat. § 15A-921 (2017). Criminal pleadings must comply with the relevant requirements of N.C. Gen. Stat. § 15A-924. In addition, Section 15A-922 imposes as a jurisdictional requirement that a misdemeanor statement of charges "must be signed by the prosecutor who files it." N.C. Gen. Stat. § 15A-922 (b)(1).
 

 Defendant does not argue that the misdemeanor statement of charges here fails in any way under Section 15A-924, or that the pleading was not signed by the prosecutor. Instead, Defendant argues for the first time on appeal that the filing of the misdemeanor statement of charges post-district court arraignment caused the superior court to be divested of jurisdiction.
 

 Section 15A-922 states that a "prosecutor may file a statement of charges
 
 upon his own determination
 
 at any time prior to arraignment in the district court. It may charge the same offenses as the ... warrant ...
 

 *498
 
 or additional or different offenses." N.C. Gen. Stat. § 15A-922(d) (2017) (emphasis added). This section does in fact impose a limitation on the timing of a prosecutor's filing of a misdemeanor statement of charges when filed "upon his own determination."
 
 Id
 
 .
 

 Section 15A-922(e) allows a defendant to file a motion objecting to the sufficiency of certain criminal pleadings. The motion may be filed in district court or upon trial de novo in superior court. If the trial court determines such pleadings are "insufficient, the prosecutor may file a statement of charges, but a statement of charges ... may not change the nature of the offense." N.C. Gen. Stat. § 15A-922(e) (2017). Defendant here filed no such motion.
 

 *738
 
 The majority and
 
 Wall
 
 , contend that "[a]fter arraignment, the State may only file a statement of charges when the defendant (1) objects to the sufficiency of the criminal summons and (2) the trial court rules that the pleading is in fact insufficient."
 
 Wall
 
 ,
 
 235 N.C. App. at 199
 
 ,
 
 760 S.E.2d at 388
 
 (citation omitted). The majority here goes further in limiting the State's use of misdemeanor statements of charges by contending that "[t]he timing of arraignment in district court is determinative as to how, when, and for what reason a prosecutor can file a statement of charges." This is correct
 
 only
 
 for statements of charges filed by a prosecutor "upon his own determination" or when a defendant files a motion contesting an insufficient criminal pleading. However, these limitations are not as sweeping as the majority or
 
 Wall
 
 contend.
 

 In
 
 State v. Killian
 
 ,
 
 61 N.C. App. 155
 
 ,
 
 300 S.E.2d 257
 
 (1983), the defendant was charged by warrant with a misdemeanor offense and convicted in district court. The defendant appealed his conviction. When the case came on for trial de novo in superior court, "the District Attorney issued a misdemeanor statement of charges."
 
 Id.
 
 at 156,
 
 300 S.E.2d at 258
 
 (1983) (quotation marks omitted). There was no motion by the defendant in the record objecting to the original warrant pursuant to Section 15A-922(e), and no indication that the parties had agreed to the filing of the misdemeanor statement of charges.
 
 Id.
 
 at 157,
 
 300 S.E.2d at 259
 
 . This Court reversed the defendant's conviction because the misdemeanor statement of charges filed by the prosecutor alleged a different offense than that alleged in the original warrant. The Court also stated that even if the statement of charges alleged the same charge as the original warrant, the new pleading would have been untimely because "[t]he statement of charges was filed by the prosecutor '
 
 upon his own determination
 
 '; and
 
 that
 
 could only be done 'prior to arraignment in the district court,' not upon trial de novo on appeal to superior court ...."
 
 Id
 
 . at 157,
 
 300 S.E.2d at 259
 
 (emphasis added).
 

 *499
 
 Similarly, in
 
 State v. Wall
 
 , the defendant was tried and convicted for a misdemeanor in district court. The State filed a misdemeanor statement of charges after the case was appealed for trial de novo in superior court. This Court noted that "the State has a limited window in which it may file a statement of charges
 
 on its own accord
 
 , and that is prior to arraignment."
 
 Wall
 
 ,
 
 235 N.C. App. at 199
 
 ,
 
 760 S.E.2d at 388
 
 (emphasis added).
 

 Both
 
 Killian
 
 and
 
 Wall
 
 recognize that Section 922(d) imposes a procedural limitation on the filing of a statement of charges
 
 on the prosecutor's own determination or accord
 
 . The prosecutor has discretion to file a misdemeanor statement of charges on his own accord at any time prior to arraignment in district court. A statement of charges filed at this time can correct a prior criminal pleading or may charge new offenses.
 

 However, neither the statute nor
 
 Wall
 
 or
 
 Killian
 
 , preclude a prosecutor's post-district court arraignment use of statements of charges when the prosecutor and the parties agree. Here, there is no question that the statement of charges was filed post-district court arraignment. The relevant inquiry then is whether or not the statement of charges was filed on the prosecutor's own determination.
 

 The State made an oral motion to amend the warrant in superior court using a misdemeanor statement of charges. Not only was the State's request to use a statement of charges to correct a perceived defect in the warrant consented to by Defendant, it was allowed by the trial court as set forth in the following exchange:
 

 THE COURT: The State has a motion to amend[?]
 

 [PROSECUTOR]: Yes, sir. I have drafted it on a misdemeanor statement of charges. The history of this case briefly is that this was a misdemeanor which was pled guilty to in [district] court based on the charging language, and it was a time-served judgment, and so it was not scrutinized closely. The charging language alleges that the personal property and the property stolen in the larceny are the property - Love's Truck Stop. I am moving to amend the owner of that property to Love's Travel Stop & Country Stores, Incorporated. May I approach?
 

 *739
 
 THE COURT: Yes, sir. What says the defendant?
 

 [DEFENSE COUNSEL]: No objection, Your Honor.
 

 *500
 
 Based upon this exchange between the parties and the court, the statement of charges was not filed upon the prosecutor's own determination or accord, and thus, not subject to the procedural limitation in Section 15A-922(d). Rather, the misdemeanor statement of charges was a new pleading filed with consent of all parties and permission of the Court because "there [was] some problem with the original process as a pleading," N.C. Gen. Stat. ch. 15A, art. 49 official commentary (2015). The majority has declined to discuss the wording of the statute, or the intent of the Legislature as set forth in the Official Commentary.
 

 Therefore, because the statement of charges was not filed upon the prosecutor's own determination, the criminal pleading only had to meet the requirements set forth in Section 15A-924 and be signed by the prosecutor to satisfy jurisdictional concerns. Again, Defendant did not take issue with the sufficiency of the criminal pleading.
 

 In addition, the majority and
 
 Wall
 
 incorrectly state that a misdemeanor statement of charges may not be filed when it "change[s] the form of the charging instrument, i.e., the State cannot 'amend' a magistrate's order by filing a misdemeanor statement of charges."
 
 Wall
 
 ,
 
 235 N.C. App. at 199
 
 ,
 
 760 S.E.2d at 388
 
 . The majority and
 
 Wall
 
 incorrectly view the filing of a statement of charges as an amendment to a criminal pleading when it is not. A statement of charges is a new criminal pleading, not an amendment to a prior criminal pleading.
 

 The Official Commentary to Article 49 notes that
 

 The "statement of charges" is new. Being able to use the warrant as the pleading has worked well in this State, and saved much solicitorial manpower as compared to jurisdictions which require the drafting of a new misdemeanor pleading in each instance.
 
 It was felt that there is some loss in trying to "amend" the warrant, and sometimes issue a new warrant, when what is desired is a correct statement of the charges--a proper pleading
 
 .... [T]he "statement of charges" is created, as a new pleading, to be used when there is some problem with the original process as a pleading. As such it takes the place of amending the warrant (or amending other process which may also be used as the pleading). When filed prior to arraignment, it also may charge additional crimes.
 
 That simple idea requires some complexity for statement in statutory form, but that is the underlying idea in § 15A-922.
 

 It should be relatively easy to prepare a statement of charges; a form should be sufficient in many cases.
 

 *501
 
 N.C. Gen. Stat. ch. 15A, art. 49 official commentary. (emphasis added). When read together, Section 15A-922 and the Official Commentary make it clear that a misdemeanor statement of charges was, contrary to
 
 Wall
 
 , intended to "change the form of the charging instrument"
 
 Wall
 
 ,
 
 235 N.C. App. at 199
 
 ,
 
 760 S.E.2d at 388
 
 .
 

 Here, the State could have cured the defect in the warrant by amendment or by filing a statement of charges.
 
 See
 

 N.C. Gen. Stat. § 15-24.1
 
 (2017) and § 15A-922(f) (2017). It is nonsensical that a trial court would be divested of jurisdiction by the filing of a statement of charges when an oral motion would have accomplished the same practical result: correcting the pleading.
 

 Nevertheless, the majority and
 
 Wall
 
 incorrectly view Section 15A-922 as somehow prohibiting the use of a statement of charges to correct criminal pleadings when there is no such prohibition in the statute or the Official Commentary. In fact, the use of the misdemeanor statement of charges here was as the Legislature intended. N.C. Gen. Stat. § 15A-922(a) ;
 
 see also
 
 N.C. Gen. Stat. ch. 15A, art. 49 official commentary.
 

 Because the filing of the statement of charges, with consent of Defendant and permission of the trial court, merely corrected a defect in a pleading, the trial court did not err.
 

 [1]
 

 This panel is bound by
 
 State v. Wall
 
 pursuant to
 
 In re Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent ...."). "Our panel is following [
 
 Wall
 
 ], as we should. However, I write separately to dissent because" the majority and a portion of
 
 Wall
 
 are incorrect.
 
 Watson v. Joyner-Watson
 
 , --- N.C. App. ----, ----,
 
 823 S.E.2d 122
 
 , 126, (2018)
 
 Dillon, J., dissenting.