IN THE SUPREME COURT OF NORTH CAROLINA

No. 206A19

Filed 5 June 2020

STATE OF NORTH CAROLINA

v.

BEN LEE CAPPS

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 828 S.E.2d 733 (N.C. Ct. App. 2019), vacating a judgment entered on 24 October 2017 by Judge Stanley L. Allen in Superior Court, McDowell County, and remanding for resentencing. Heard in the Supreme Court on 3 February 2020.

*Joshua H. Stein, Attorney General, by Kristin J. Uicker, Assistant Attorney General, for the State-appellant.*

*Glenn Gerding, Appellate Defender, by Nicholas C. Woomer-Deters, Assistant Appellate Defender, for defendant-appellee.*

NEWBY, Justice.

Under North Carolina law, a prosecutor may freely amend a criminal warrant to correct allegations regarding property ownership as long as doing so either does not change the nature of the offense charged or is otherwise authorized by law. In this case we decide whether a prosecutor loses the right to amend a criminal warrant when the amendment is filed on a statement of charges form after the defendant's arraignment. Because we hold that, regardless of the label, such a change is still an

amendment, and because no statutory provision limits the filing of a statement of charges in this way, the trial court did not err in proceeding under the amended pleading. We therefore reverse the decision of the Court of Appeals and reinstate the trial court's judgment.

In April 2016, Officer Donald Cline of the Cherokee Police Department and the Swain County Sheriff's Office observed defendant at a Love's truck stop in McDowell County. Defendant's vehicle was twenty-five to thirty feet away from Officer Cline, whose attention was drawn to the vehicle because of audible "cursing and foul language" coming from it. Defendant, the driver, then exited the vehicle to put air in its tire. During this time, he and the vehicle's passenger, defendant's wife, "cuss[ed] and holler[ed]" at each other. Soon after, as defendant continued to yell, he hit the passenger window next to his wife with the air hose. He then cut the hose off of the air pump and tried to hit his wife with it. The altercation escalated further as defendant "drug her out of the car" as she was "kicking and screaming," until she was lying on her back on the concrete.

A Love's employee, and then Officer Cline, intervened. The Love's employee asked defendant what was going on, and defendant responded by asking "[w]hat the f[---] are you looking [at]?" and calling Officer Cline and the Love's employee "sons of a [sic] b[----]es." When Officer Cline, who was off duty at the time, showed his badge to defendant, defendant left his wife on the ground and quickly ran back to his vehicle, tossing in the severed hose. Defendant then rapidly drove around the truck stop three

times, creating black marks on the pavement and smoke as he burned the vehicle's tires. As he maneuvered to leave the gas station "at a high rate of speed," he "screeched right in between" an eighteen-wheeler truck and another vehicle. When he exited, he ran a red light immediately in front of the truck stop and continued down the highway.

Defendant was charged by arrest warrant with misdemeanor injury to personal property and misdemeanor larceny, and was charged with reckless driving by a separate warrant. In August 2016, defendant pled guilty to all of the charges in district court. He was sentenced under one consolidated judgment to seventy-seven days in custody, the entirety of which he was credited because of pretrial confinement. He appealed to superior court.

Before jury selection in superior court, the prosecutor moved to amend the warrant charging injury to personal property and misdemeanor larceny. The prosecutor wanted to amend the charging language to correct the name of the property owner, which the original warrant alleged was "LOVES TRUCK STOP," to "Love's Travel Stops & Country Stores, Inc." Defendant did not object to the amendment, which was made on a statement of charges form, and the superior court allowed it. The oral exchange regarding this amendment was as follows:

> THE COURT: The State has a motion to amend.
>
> [PROSECUTOR]: Yes, sir. I have drafted it on a misdemeanor statement of charges. The history of this case briefly is that this was a misdemeanor which was pled guilty to in [district] court based on the charging language,

and it was a time-served judgment, and so it was not scrutinized closely. The charging language alleges that the personal property and the property stolen in the larceny are the property—Love's Truck Stop. I am moving to amend the owner of that property to Love's Travel Stop & Country Stores, [Inc.] May I approach?

THE COURT: Yes, sir. What says the defendant?

[DEFENSE COUNSEL]: No objection, Your Honor.

THE COURT: It's allowed . . . .

Ultimately, the jury returned guilty verdicts against defendant on all charges. Defendant was sentenced to 120 days in custody for misdemeanor larceny, and, in a consolidated judgment, defendant received a consecutive sentence of forty-five days in custody for misdemeanor injury to personal property and reckless driving.

Defendant appealed to the Court of Appeals, arguing for the first time that the superior court lacked jurisdiction to try the misdemeanor injury to personal property and misdemeanor larceny charges under the statement of charges. A divided panel of the Court of Appeals agreed. *State v. Capps*, 828 S.E.2d 733, 734 (N.C. Ct. App. 2019). It held that, based on the language of N.C.G.S. § 15A-922, a statement of charges may be filed after arraignment only if the defendant objects to the sufficiency of the State's original pleading and the trial court finds the original pleading was indeed insufficient. *Id.* at 735–36; N.C.G.S. § 15A-922 (2019). In the court's view, because defendant was tried under a statement of charges that was filed after arraignment, and the sufficiency of the original arrest warrant had not been contested, the statement of charges was untimely and the superior court had no jurisdiction to try

the case under that charging document. *Id.* at 737. The Court of Appeals vacated the two convictions arising from the statement of charges and remanded the case to the trial court to resentence defendant for the remaining reckless driving conviction only. *Id.* The dissent asserted that section 15A-922's limitation on when a prosecutor may file a statement of charges applies when the statement of charges is filed on the prosecutor's "own determination," but not when, as in this case, the defendant and the trial court consent to the filing. *Id.* at 738–39 (Berger, J., dissenting).

The State appealed to this Court, echoing the dissenting judge's position and also arguing that because the statement of charges was, in substance, an amendment to a pleading, it may be filed at any time before or during trial if it does not substantively change the nature of the charges. Defendant disagrees, again claiming that the relevant statute governing statements of charges allows those pleadings to be filed after arraignment only if the original pleading has been challenged as, and found to be, insufficient.

In this case the prosecutor specifically moved to "amend" the arrest warrant, but did so by filing a statement of charges document. The parties thus disagree as to whether statutory provisions about amendments to charging instruments or those specifically about statements of charges should apply. We hold that when a prosecutor's action is in substance an amendment to a criminal pleading, no matter what the document containing the amendment is labeled, the amendment can be made at any time as long as it does not alter the nature of the offense or is otherwise

authorized by law. Thus, the superior court properly tried defendant for injury to personal property and misdemeanor larceny, as those charges were amended by the statement of charges that corrected the name of the owner of the damaged property. Moreover, the result would be the same even if the prosecutor's correction was classified only as a statement of charges and not as an "amendment" to the original charging instrument.

"The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citing *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998)). "The best indicia of that intent are the language of the statute[,] . . . the spirit of the act[,] and what the act seeks to accomplish." *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs of Town of Nags Head*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citation omitted). The question we address, then, is whether, based on the applicable statutory provisions, the General Assembly intended to allow prosecutors to make changes to criminal pleading documents like the change made in this case.

Subsection 15A-922(f) of the North Carolina General Statutes provides that a criminal pleading, including an arrest warrant, "may be amended at any time prior to or after final judgment when the amendment does not change the nature of the offense charged." N.C.G.S. § 15A-922(f) (2019). Section 15-24.1 supplements this principle in the specific context of an amendment that corrects an allegation of property ownership. It provides that a criminal warrant may be amended in superior

court "before or during the trial, when there shall appear to be any variance between the allegations in the warrant and the evidence in setting forth the ownership of property if, in the opinion of the court, such amendment will not prejudice the defendant." N.C.G.S. § 15-24.1 (2019).[1] Together, these provisions make clear that a charging instrument may generally be amended at any time when doing so does not materially affect the nature of the charges or is otherwise authorized by law.

Section 15A-922 gives prosecutors various types of criminal pleadings to pursue misdemeanor charges, and additionally provides the procedures for amending those pleadings. Among the enumerated criminal pleadings is a statement of charges, which can modify existing charges or add additional or different charges up until arraignment. N.C.G.S. § 15A-922(a), (b), (d) (2019). When filed, "it supersedes all previous pleadings of the State and constitutes the pleading of the State." N.C.G.S. § 15A-922(a).

Subsections (d) and (e) of section 15A-922 provide procedural guidelines for filing statements of charges under certain circumstances. Subsection (d) explains that, before arraignment, a prosecutor may file a statement of charges on the prosecutor's own determination that charges the same, additional, or different offenses than the original criminal pleading. Subsection (e) provides that if the defendant objects to the sufficiency of the original criminal pleading at or after

---

[1] It appears that section 15-24.1 was enacted by the General Assembly in response to this Court's decision in *State v. Cooke*, 246 N.C. 518, 98 S.E.2d 885 (1957), as the language suggested by the concurrence in that case appears almost verbatim in the statutory provision.

arraignment and the court rules that the pleading is insufficient, then the prosecutor may file a statement of charges that does not change the nature of the offense. These provisions thus explain that before arraignment, a prosecutor may file a statement of charges without constraint, even if that statement of charges changes the nature of the offense; but at and after arraignment, if the sufficiency of the original pleading is objected to and the pleading is found to be insufficient, the statement of charges may not change the nature of the offense.

The official commentary to Article 49, which includes each of the above provisions about statements of charges and amendments to criminal pleadings, shows that the General Assembly intended statements of charges to be generally treated like amendments. Concerning statements of charges, the commentary explains that

> [i]t was felt that there is some loss in trying to "amend" the warrant, and sometimes issue a new warrant, when what is desired is a correct statement of the charges — a proper pleading. Since the warrant exists primarily as authority to arrest, there is some inconsistency of basic purpose and there is frequently a problem in getting all appropriate changes written in. Thus the "statement of charges" is created, as a new pleading, to be used when there is some problem with the original process as a pleading. As such it takes the place of amending the warrant (or amending other process which may also be used as the pleading). When filed prior to arraignment, it also may charge additional crimes . . . . [T]hat is the underlying idea in [N.C.]G.S. [§] 15A-922.

N.C.G.S. ch. 15A, art. 49 official cmt. (2019). This commentary reveals at least two things about the nature of statements of charges: (1) they function as amendments to prior criminal pleadings like criminal warrants but for convenience and clarity may

completely supplant the prior pleading; and (2) they can charge additional crimes if filed before arraignment. Those elements, the commentary says, are the central point of the provisions governing statements of charges in section 15A-922.

In this case the prosecutor moved to amend the arrest warrant and submitted the amendment on a document used for filing a statement of charges. This procedural action was an amendment in substance. But whether this Court classifies the action as an amendment or a statement of charges, the superior court correctly allowed the change to be made.

Substantively, the prosecutor's action amended the arrest warrant, and thus may be evaluated under subsection 15A-922(f) or section 15-24.1. Together these provisions allow a prosecutor to amend a warrant as long as the amendment does not change the nature of the charges or is otherwise authorized by law. Here, the amendment simply corrected the legal name of the owner of the damaged property from "LOVES TRUCK STOP" to "Love's Travel Stops & Country Stores, Inc." Because the language of the original warrant, if not perfectly accurate, made substantially clear what entity owned the property, this limited change to the property owner's name was authorized by N.C.G.S. § 15A-922(f) and N.C.G.S. § 15-24.1.

The result is the same even if we treat the prosecutor's filing as a statement of charges and not as an amendment to the original charging instrument. Subsection 15A-922(d) provides that before arraignment a prosecutor may file a statement of charges upon his or her own determination even if the statement charges "additional

or different offenses." Subsection (e) provides that if the defendant objects to the sufficiency of the pleading at or after arraignment and the trial court rules that the pleading is insufficient, then the prosecutor may file a statement of charges that does not "change the nature of the offense." N.C.G.S. § 15A-922(e).

Defendant asserts that because subsection (e) allows the filing of a statement of charges after arraignment when a defendant objects to the sufficiency of the original pleading and the court rules that the pleading is insufficient, that subsection by implication *disallows* the filing of a statement of charges if the defendant has *not* objected to the sufficiency of the original pleading. That position contravenes legislative intent.

By enacting subsections (d) and (e) the General Assembly did not intend to limit the circumstances in which a prosecutor may file a statement of charges. It instead simply clarified a specific circumstance in which such a filing remains permissible. Read together, subsections (d) and (e) provide that before arraignment a prosecutor may file a statement of charges that changes the nature of the offense, but after arraignment the prosecutor may only file a statement of charges that does not change the nature of the offense. Where subsection (e) includes the clauses "[i]f the defendant by appropriate motion objects to the sufficiency of a criminal [pleading] . . . and the judge rules that the pleading is insufficient," it simply clarifies that a prosecutor may still file a statement of charges in that circumstance if doing so does not change the nature of the offense. It does not mean that a prosecutor may file a

statement of charges *only* in that circumstance. It would be an odd result to allow a statement of charges to be filed when a defendant objects to the sufficiency of the warrant but not allow the same non-prejudicial statement of charges to be filed when a defendant does not object to the sufficiency of the warrant and consents to the new filing.

The General Assembly gave prosecutors the freedom to amend criminal pleadings at any stage of proceedings if doing so does not change the nature of the charges or is otherwise authorized by law. Similarly, for statements of charges in particular, the General Assembly only explained some specific circumstances in which a prosecutor may file a statement of charges; it did not act to limit the circumstances in which a prosecutor may file a statement of charges. In this case, when the prosecutor moved to amend the arrest warrant to correctly state the name of the property owner, and did so by filing a statement of charges form after arraignment, the superior court properly considered and allowed the change. It therefore rightly proceeded to try defendant for the charges of misdemeanor injury to personal property and misdemeanor larceny with the corrected name of the property owner. We therefore reverse the decision of the Court of Appeals that vacated defendant's convictions for those charges, thus reinstating defendant's convictions and sentences.

REVERSED.